In re GUARDIANSHIP OF NITSCHKE.

(No. 6482—Decided January 10, 1961.)

*Mr. Charles J. Chastang*, for applicant-appellant, James W. Nitschke II.

*Messrs. Power, Griffith & Jones* and *Mr. William H. Schneider*, for guardian, Homer Trantham.

*Mr. John J. Chester*, for others.

BRYANT, P. J.   The Probate Court of Franklin County, on June 26, 1958, adjudged James W. Nitschke II to be mentally incompetent upon application of his wife, and the Probate Court appointed a guardian of his person and property.   On October 26, 1959, Nitschke filed an application stating that he is "fully competent and physically and mentally able to care for his person and property."   Nitschke requested that the matter be set for a hearing and that the court make a determination that he has been restored to competency.

The matter was set down for hearing, and the testimony of six witnesses was taken, including that of two psychiatrists called by Nitschke, one psychiatrist called by the guardian, Nitschke's wife, Bertha Murray Nitschke, who made the original application for the determination of incompetency and appointment of a guardian, and Nitschke himself.   At the conclusion of the hearing, the Probate Court overruled the application for restoration to competency and termination of the guardianship.   The Probate Court adhered to this position on motion for rehearing and reconsideration, whereupon Nitschke gave notice of appeal to this court, assigning as an error that the finding of the Probate Court is manifestly against the weight of the evidence and is contrary to law for the reason that all the medical witnesses testified that Nitschke was restored to competency and mentally and physically able to care for his person and property.

It appears that, after being adjudged incompetent, Nitschke entered a sanitarium for treatment for four weeks, with several visits to the psychiatrist thereafter.   It appears further that all the witnesses were in agreement that marital difficulties, the

excessive use of alcoholic beverages, and the excessive use of a drug, together with business pressures, brought about the nervous breakdown.

The witnesses generally agreed that he is now competent, the principal disagreement being as to whether there will be a recurrence of the mental condition. It is particularly significant in our judgment that Nitschke's wife, with whom he formerly had altercations and disagreements to the extent that she at one time filed a petition for a divorce, has dismissed the petition and the couple has resumed living together, and she was the strongest witness in favor of his restoration to competency and the termination of the guardianship. It is not disputed in the record that for more than a year Nitschke has abstained totally from any alcoholic beverages of any sort and from taking any of the medicine which contributed to his nervous breakdown.

Counsel for Nitschke has filed an extensive and carefully prepared brief, while the guardian has not favored this court with any brief but instead, through counsel, has filed a statement taking a position of strict neutrality and being neither in favor of nor opposed to the granting of the relief sought by Nitschke.

The proceeding to terminate the guardianship is authorized by Section 2111.47 of the Revised Code, which so far as here pertinent provides that after proper notice "and upon satisfactory proof that the necessity for the guardianship no longer exists * * * the Probate Court *shall* order that the guardianship of an incompetent * * * terminate and *shall* make an appropriate entry upon the journal." (Emphasis added.)

In 26 Ohio Jurisprudence (2d), 538, Guardian and Ward, Sections 230, 231 and 232, there appear the following statements:

Section 230. "* * * The burden of establishing his capacity rests on the ward, and before the guardianship will be determined he must show that he is mentally stronger and better able to manage his affairs than he was at the time of the appointment."

Section 231. "Order.—The Code provides that upon satisfactory proof that the necessity for the guardianship of an incompetent, habitual drunkard, idiot, imbecile, lunatic or confined

person no longer exists or that the letters of appointment were improperly issued, the Probate Court shall order that the guardianship terminate and shall make an appropriate entry upon the journal * * *."

Section 232. "Appeal From Order.—An appeal will lie from an order issued in a proceeding brought to terminate a guardianship and to restore the ward to his property on the ground that the letters of guardianship were wrongfully issued or that the incompetent has been restored to competency. The ward may appeal from a denial of his motion to have the guardianship terminated, since the order refusing to terminate the guardianship is a final order, and one which affects a substantial right. The finding of the Probate Court that the declared incompetent is still incompetent will be set aside if against the manifest weight of the evidence, or if the appellate court finds that there was no legal evidence to support the finding * * *."

As we understand it, when an application for restoration to competency is made, the test is whether the ward has made substantial progress and whether he is at present competent to manage his affairs, both personal and financial. Should the condition recur at some future time, it will be sufficient at that time to bring a new proceeding and cause a new examination to be made. We feel that it is entirely too speculative to hold that, because there might be future marital difficulties or because there might be a return to the excessive use of alcohol or the excessive use of a drug, which might cause the condition to reappear, the restoration to competency should be indefinitely postponed and delayed.

We conclude therefore that the assignment of error is well taken and must be sustained, the judgment and order of the Probate Court should be reversed and set aside, and the cause remanded to the Probate Court for further proceedings in accordance with law, including the sustaining of the application for restoration to competency and determination of the guardianship.

*Judgment reversed.*

DUFFY and DUFFEY, JJ., concur.