OPINION
{¶ 1} Jill Arlene Ryan appeals a judgment of the Court of Common Pleas, Probate Division, of Ashland County, Ohio, which found her to be an incompetent person and appointed a guardian for her. Appellant assigns a single error to the trial court:
 {¶ 2} "I. The trial court committed prejudicial error by finding by clear and convincing evidence that Jill Ryan is an incompetent person within the contemplation of oho revised code section 2111.01, that she is unable to manage and care for herself without the aid of a guardian, and appointing a guardian of the person of Jill Ryan."
 {¶ 3} The trial court's judgment entry finds Appleseed Community Mental Health Center requested the court to appoint a suitable and qualified person as the guardian of the person only of Ms. Ryan. The trial court reviewed a statement of expert evaluation submitted by Dr. Vellurki, and heard testimony regarding Ms. Ryan's status. The trial court found appellant has a long history of not complying with her treatment needs, and specifically not taking her prescribed medications. When she does not take her prescribed medications, her condition deteriorates rapidly and usually ends in hospitalization. Appellant's hospital stays are generally lengthy because of her resistance to taking her medication. Once her condition is stabilized, and she is released from hospitalization, appellant is generally fine for a period of time, but for no more than a few weeks, and then the cycle begins to repeat itself.
 {¶ 4} The trial court found appellant resides by herself, and she has difficulty maintaining her apartment and does not exercise good judgment. When appellant does not take her prescribed medication, she does not eat. On at least one occasion, appellant was close to kidney failure because she had not eaten. Appellant was hospitalized from August 4, 2003 to December 1, 2003, during which time she lost nearly 60 pounds because of refusing to eat. Appellant is in her present apartment because she could not take care of her earlier residence and it became unlivable.
 {¶ 5} The trial court found Dr. Vellurki had diagnosed appellant with schizophrenia, which has directly impacted on her ability to care for herself. The doctor indicated appellant had a poor understanding of her health problems and her business affairs, and could not process information adequately. The doctor opined appellant could not properly care for herself or her business affairs without help, and recommended a guardian be appointed for her.
 {¶ 6} The Probate Court investigator visited appellant in her apartment and filed a written report with the court. The investigator indicated appellant's mental status was difficult to assess under all the circumstances, but he described her apartment, as "in shambles" and as "squalor". The Probate Court investigator concluded further investigation would be necessary if he were to determine whether a guardianship should be granted or whether a less restrictive alternative to guardianship would be sufficient in this case. The Probate Court investigator recommended conservatorship.
 {¶ 7} Appellant did not want a guardian appointed for her because she feared the guardian would place her in a group home. Appellant testified she was able to care for herself and acknowledged she understood she needs to keep up with doctor and counseling appointments.
 {¶ 8} The trial court found the application for appointment of guardian in this case was originally filed when appellant was hospitalized. During the pendency, appellant was released from the hospital and seemed to be doing better. Based on appellant's history, Appleseed recommended the court not wait until appellant began her downward spin, but rather, it would be in the best interest of appellant to appoint a guardian at this time.
 {¶ 9} The trial court found R.C. 2111.02 permits it to appoint a guardian of the person, estate, or both of an incompetent person. R.C. 2111.01 defines an incompetent as any person who is so mentally impaired as a result of mental or physical illness or disability that the person is incapable of taking proper care of the person's self or property.
 {¶ 10} The trial court found pursuant to the Revised Code it should consider evidence of a less restrictive alternative if it is introduced at the hearing, and may deny a guardianship if it finds a less restrictive alternative exists. The court found there was no specific evidence presented at the hearing.
 {¶ 11} The trial court found the appointment of a guardian would enhance the ability of the person named as the guardian to deal with appellant's situation before her condition deteriorates to the point where her health is in danger. The court acknowledged appellant did not want a guardian, and there may be periods of time when she is able to make decisions for herself, but unfortunately there are many times when this is not the case.
 {¶ 12} The trial court found by clear and convincing evidence appellant is not able to manage and care for herself without the aid of a guardian, and therefore, a guardian is necessary.
 {¶ 13} Appellant urges the record does not support the trial court's determination she is unable to care for herself without the aid of a guardian. Appellant argues the record is replete with evidence she has successfully cared for herself when she is functioning well. Appellant also points out the individual appearing on behalf of Appleseed conceded a guardian would not eliminate or even lessen the chances of appellant being hospitalized, but rather, would be helpful because if appellant was hospitalized, the hospital could implement her treatment plan without going back to court.
 {¶ 14} Appellant cites In Re: Guardianship of Nitschke
(1961), 113 Ohio App. 243, 177 N.E. 2d 628, as authority for the proposition a probate court errs when it declares incompetent a person who is presently able to manage his affairs. Should the condition recur at some future time, there should be a new application, because it is entirely too speculative to find there could be future circumstances which would cause the condition to reoccur.
 {¶ 15} Our standard of reviewing a trial court's decision regarding the appointment of a guardian is the abuse of discretion standard, see In Re: The Estate of Bednarczuk
(1992), 80 Ohio App. 3d 548. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, unconscionable or arbitrary, see, e.g.,State v. Adams (1980), 62 Ohio St. 2d 151.
 {¶ 16} We have reviewed the record, and we find there is sufficient competent and credible evidence in the record to support the court's finding appellant is incompetent by clear and convincing evidence. We find this case is distinguishable fromNitschke, supra, because there is ample evidence presented that appellant is only too likely to deteriorate, and we find it is not too speculative to find that a guardian is necessary.
 {¶ 17} Although the court investigator suggested a conservatorship might be appropriate, the investigator also found further investigation would be necessary for him to make a final determination about appellant's status. In light of the ample evidence in the record, tending to show it is primarily appellant's physical and mental condition which is the danger to her, we find the trial court did not err in finding there was no specific evidence introduced at the hearing which would tend to support a less restrictive alternative.
 {¶ 18} The assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Ashland County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Boggins, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Ashland County, Ohio, is affirmed. Costs to appellant.