OPINION
{¶ 1} The following is an accelerated calendar appeal. Appellant, Anthony Meloni, appeals from a judgment entry of the Trumbull County Court of Common Pleas, Probate Division, denying his motion to remove appellees, Genevieve Wittenauer and Vincent Meloni, as co-executors of Fortino Meloni's estate. For the reasons that follow, we affirm the judgment of the probate court.
 {¶ 2} On June 6, 2002, appellant filed an application to administer the estate of his deceased father, Fortino Meloni ("Fortino"), in the Trumbull County Court of Common Pleas, Probate Division. Shortly thereafter, on June 11, 2002, appellees, Genevieve Wittenauer ("Genevieve") and Vincent Meloni ("Vincent"), Fortino's daughter and son, also filed an application to administer his estate.
 {¶ 3} The probate court issued a June 18, 2002 judgment entry, naming Genevieve and Vincent as co-executors of Fortino's estate. Specifically, the court determined that Fortino's will, which had been admitted to probate, expressly nominated Genevieve and Vincent as co-executors. Thus, the probate court denied appellant's application to administer the estate and granted appellees' application.
 {¶ 4} Fortino's will bequeathed his entire estate to his children, Genevieve, Vincent, and appellant, equally.
 {¶ 5} On June 20, 2002, appellant filed a motion to remove appellees as coexecutors pursuant to R.C. 2113.05, R.C. 2113.18(A), and R.C. 2109.24. Appellant's grounds for removal were that appellees were not "suitable" to administer the estate and that Genevieve had abused the authority granted to her by Fortino's power of attorney. This abuse of authority was predicated upon Genevieve's alleged improper distributions of Fortino's property as gifts prior to his death.
 {¶ 6} On August 14, 2002, the probate court held a hearing with respect to appellant's motion for removal. Neither party presented any witnesses or testimony; instead, the parties stipulated to the admission of sixty-two separate evidentiary exhibits. These exhibits included the following: (1) Fortino's will; (2) Fortino's power of attorney; and (3) various bank statements showing Genevieve's accumulation of Fortino's monetary assets and her subsequent distribution of those monetary assets as gifts prior to his death.
 {¶ 7} The specific bank statements upon which appellant based his improper distribution claim established that, prior to Fortino's death, Genevieve utilized the power of attorney to distribute Fortino's accumulated funds as inter vivos gifts to various individuals. Genevieve withdrew these funds from two separate joint and survivorship checking accounts held in the names of Fortino and Genevieve, and Fortino and Vincent.
 {¶ 8} Subsequently, appellees filed a memorandum contra to appellant's motion for removal. Appellees contended that the applicable statutory prerequisites for removal of an executor, under either R.C. 2109.24 or2113.18, had not been established by appellant. In addition, appellees asserted that Fortino's power of attorney expressly granted Genevieve the authority to make gifts from his property as related to estate planning.
 {¶ 9} While the motion to remove was still pending, appellees filed an inventory of Fortino's estate. On January 10, 2003, appellant filed exceptions to the inventory which maintained that the inventory failed to include various monetary assets and alleged that appellees had fraudulently concealed these assets. As evidence of these concealments, appellant cited to the sixty-two exhibits previously admitted.
 {¶ 10} Appellant then filed a trial brief in support of his exceptions to the inventory. This brief further developed appellant's arguments relating to appellees' alleged concealment of monetary assets. In short, appellant argued that the missing funds were the result of Genevieve's abuse of Fortino's power of attorney by distributing a portion of his monetary assets as gifts prior to his death.
 {¶ 11} On April 23, 2003, the probate court issued a judgment entry denying appellant's motion to remove appellees as co-executors of Fortino's estate. First, the court noted that Fortino's will had been admitted to probate and the will expressly named appellees as co-executors. The court then determined that, based upon R.C. 2113.05, appellant "has failed to present sufficient evidence to establish that [appellees] are not suitable or competent persons to act as the Co-Executors herein and that this Court should remove the Co-Executors[.]"[1]
 {¶ 12} From this judgment, appellant filed a timely notice of appeal and sets for the following assignment of error for our review:
 {¶ 13} "The judgment of the court below denying Appellant's motion for the removal of Genevieve Wittenauer and Vincent Meloni as Co-Executors of the Estate of Fortino Meloni was an abuse of discretion prejudicial to rights of Appellant."
 {¶ 14} Prior to addressing the merit of appellant's assigned error, we must determine whether the probate court's denial of appellant's motion to remove appellees as co-executors was a final appealable order. Although this issue was not raised by the parties, an appellate court has the duty to sua sponte raise the issue of jurisdiction. Davison v. Rini
(1996), 115 Ohio App.3d 688, 692.
 {¶ 15} "If an order is not a final appealable order, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." In re Estate of Geanangel, 147 Ohio App.3d 131, 134,2002-Ohio-850. Accordingly, R.C. 2505.02 provides the statutory requirements necessary for an order to be final and appealable, to wit:
 {¶ 16} "(A) As used in this section:
 {¶ 17} "* * *
 {¶ 18} "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 19} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 {¶ 20} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 21} "* * *
 {¶ 22} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 23} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 24} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 25} In In re Estate of Pulford (1997), 122 Ohio App.3d 88, this court held that an order relating to the appointment of an estate's executor was not a "special proceeding" under R.C. 2505.02 and, therefore, was not a final appealable order. Our decision was predicated upon the determination that the administration of an estate was recognized at common law and in equity. Id. at 91. See, also, Polikoff v. Adam
(1994), 67 Ohio St.3d 100, syllabus, (holding that "[o]rders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02").
 {¶ 26} Our decision in Pulford, however, was issued prior to the Ohio General Assembly's 1998 amendment of R.C. 2505.02. This amendment included the addition of R.C. 2505.02(A)(3) and 2505.02(B)(4), which incorporated language regarding "provisional remedies." This court has not had the opportunity to address the issue of finality with respect to an order concerning the removal of an executor in light of this amendment.
 {¶ 27} In Geanangel, the Seventh Appellate District noted a division among Ohio appellate courts as to whether an order of the trial court relating to the administration of an estate was a "special proceeding." Id at 137. As a result, the Seventh District focused upon the "provisional remedy" sections of R.C. 2505.02 and held, "an order granting or denying a motion to remove an executor of an estate is a final appealable order under R.C. 2505.02(B)(4)." Id.
 {¶ 28} In doing so, the Seventh District relied upon the Tenth Appellate District's analysis of R.C. 2505.02(B)(4) in In re Estate ofNardiello, 10th Dist. No. 01AP-281, 2001-Ohio-4080,2001 Ohio App. LEXIS 4813. In Nardiello, the Tenth District concluded that a trial court's order removing an estate's executor was a final appealable order under R.C. 2505.02(B)(4). Id. at 11. The court reasoned that such an order was determinative of the action with respect to a "provisional remedy" and prevents a judgment in the action in favor of the appealing party as to the "provisional remedy." Id. at 11. Further, the Tenth District stated that an order removing an executor is a final appealable order pursuant to R.C. 2505.02(B)(4), as "no meaningful or effective remedy could be granted upon an appeal by an executor following final resolution of the estate, since there would no longer be any opportunity for the executor to undertake his duties and functions as executor." Id. Thus, the Tenth District held that an order removing an executor is a final appealable order under R.C. 2505.02(B)(4). Id.
 {¶ 29} We agree with the analysis of both the Tenth District and Seventh District and hold that an order denying a party's request to remove an executor is a final appealable order pursuant to R.C. 2505.02(B)(4). Here, the probate court's denial of appellant's motion to remove appellees as co-executors determines the action with respect to a "provisional remedy" and prevents a judgment in the action in favor of appellant. Moreover, appellant would have no effective or meaningful remedy following the final resolution of the estate because appellees' duties, as co-executors, would terminate. Thus, the probate court's April 23, 2003 judgment entry denying appellant's motion for removal is a final appealable order.
 {¶ 30} Nevertheless, we are inclined to note that our holding is in conflict with the holdings of the Fifth Appellate District and Sixth Appellate District. These districts have concluded that, regardless of R.C. 2505.02(B)(4), an order concerning the administration of an estate is not a final appealable order. See, e.g., In re Estate of Endslow
(Apr. 12, 2000), 5th Dist. No. 99CA-F-07-37, 2000 Ohio App. LEXIS 1620;In re Estate of Gannett (Nov. 27, 2001), 6th Dist. No. H-01-047,2001 Ohio App. LEXIS 5310.
 {¶ 31} That being said, we will now examine the merit of appellant's assignment of error. Under his sole assignment of error, appellant contends that the probate court abused its discretion in denying his motion to remove appellees as co-executors. Specifically, appellant argues that Genevieve's distribution of Fortino's monetary assets as inter vivos gifts was an unauthorized use of the power of attorney and acted to improperly distribute testamentary assets.[2] Thus, appellant concludes that removal was necessary based upon appellees being unsuitable co-executors and the existence of a conflict between appellant and appellees. We disagree.
 {¶ 32} The removal of an executor is within the sound discretion of the probate court, and a reviewing court will not reverse the trial court's order unless it appears that the lower court abused its discretion. In re Estate of Jarvis (1980), 67 Ohio App.2d 94, 97. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. In re Estate of Clapsaddle (1992), 79 Ohio App.3d 747.
 {¶ 33} Both R.C. 2109.24 and 2113.18 provide the statutory basis for removing a fiduciary or executor. Under R.C. 2109.24, "[t]he court may remove any such fiduciary * * * for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."
 {¶ 34} That being said, a power of attorney is a written instrument authorizing an agent to perform specific acts on behalf of the principal. See, e.g., Testa v. Roberts (1988), 44 Ohio App.3d 161, 164. The agent has a fiduciary relationship with the principal. In re Scott
(1996), 111 Ohio App.3d 273, 276. This fiduciary relationship imposes a duty of loyalty to the principal. Id. Thus, an agent "may not make gratuitous transfers of the principal's assets unless the power of attorney from which the authority is derived expressly and unambiguously grants the authority to do so." Macewen v. Jordan, 1st Dist. No. C-020431, 2003-Ohio-1547, at ¶ 12.
 {¶ 35} Of prime importance is the fact that an evidentiary hearing was held to allow appellant and his counsel to present evidence in support of his allegations of fiduciary abuse. Although appellant contends that Genevieve's distribution of Fortino's monetary assets as inter vivos gifts was an unauthorized use of Fortino's power of attorney, he failed to corroborate this allegation with any evidence beyond the bank statements and the power of attorney.
 {¶ 36} Our review of Fortino's power of attorney reveals that Genevieve was granted the express authority to distribute his property as gifts prior to his death. The power of attorney expressly allowed Genevieve "[t]o make gifts [for] estate planning purposes." There is no evidence in the record before us demonstrating that Genevieve acted contrary to the aforementioned provision of the power of attorney or its intent.
 {¶ 37} As stated previously, despite being given an evidential hearing to support his allegation, there was no testimony provided by either party regarding appellant's motion to remove appellees as co-executors. Instead, appellant relies solely upon the admitted power of attorney and the bank statements showing Genevieve's transfer of Fortino's monetary assets. These exhibits, standing alone, fail to establish that the distributions were unauthorized or contrary to the authority granted to Genevieve. Rather, the bank statements confirm that Genevieve appropriately distributed portions of Fortino's estate as inter vivos gifts.[3] Therefore, appellant has failed to demonstrate that the provisions of R.C. 2109.24 are applicable to remove appelleees as coexecutors. This portion of appellant's assignment of error is not well-taken.
 {¶ 38} R.C. 2113.18(A) states, "[t]he probate court may remove any executor or administrator if there are unsettled claims existing between him and the estate, which the court thinks may be the subject of controversy or litigation between him and the estate or persons interested therein."
 {¶ 39} The language of R.C. 2113.18(A) demonstrates that it is within the probate court's discretion to determine whether an unsettled claim between the parties may be the subject of controversy or litigation. InNardiello, the court held that the party seeking to remove the executor was required to present sufficient evidence "to at least raise a colorable argument[,]" to satisfy R.C. 2113.18(A). Id. at 12. To hold otherwise, would allow the party requesting removal to simply manufacture a frivolous controversy to remove an executor.
 {¶ 40} We can safely conclude that the probate court held the evidentiary hearing to provide appellant with a forum to lay an evidential base for his speculative claims. He failed to take advantage of the opportunity to do so. Why should he be given a second bite at the apple?
 {¶ 41} To recapitulate, appellant's argument is predicated upon Genevieve's transfer of Fortino's assets, pursuant to the power of attorney, prior to his death. The evidence submitted by appellant demonstrates that the assets transferred by Genevieve originated from her withdrawals of money from separate joint accounts, with rights of survivorship, in the names of Fortino and Genevieve, and Fortino and Vincent. Genevieve and Vincent were co-executors and heirs under the will. Both, ultimately, received less than they would have received if no distributions had been made prior to Fortino's death.
 {¶ 42} In In re Stowers (Nov. 9, 1995), 11th Dist. No. 95-A-0009,1995 WL 803611, this court held that "any challenge to an unauthorized withdrawal by the beneficiary from a joint and survivorship account must be made prior to the depositor's death. Once the death of the depositor occurs, all moneys allegedly misused by the beneficiary would go to the survivor anyway, resulting in any challenge being moot."
 {¶ 43} Accordingly, based upon our holding in Stowers, appellant has failed to present any evidence which would require the removal of appellees as co-executors. Appellant's contention that Genevieve improperly disbursed funds through her gratuitous transfers is moot, as these transfers originated from withdrawals of funds, prior to Fortino's death, from joint and survivorship accounts to which appellant was not entitled to a survivorship interest.
 {¶ 44} In short, even assuming that appellant could prove that Genevieve's transfers were unauthorized or inappropriate, the estate would have no authority other than to distribute the funds to appellees based upon their survivorship interest in the two unchallenged accounts.[4] Thus, there is no conflict.
 {¶ 45} Likewise, appellant's filing of an exception to the inventory of Fortino's estate did not include any additional substantive evidence demonstrating a colorable argument. A viable legally sustainable controversy between the parties requiring the removal of appellees as co-executors did not exist. Thus, appellant's filing of an exception to the estate's inventory failed to satisfy the requirements of R.C. 2113.18(A).
 {¶ 46} In conclusion, at the evidentiary hearing, appellant failed to provide any evidence showing that appellees were unsuitable to perform as co-executors under R.C. 2109.24. Appellant also failed to provide any evidence that the parties were subject to a viable controversy which required the removal of appellees as co-executors pursuant to R.C. 2113.18(A). We again point out that the power of attorney, on its face, authorized Genevieve's gratuitous transfers prior to Fortino's death. Beyond appellant's speculation, there was no other evidence presented. Accordingly, appellant has failed to establish that the probate court abused its discretion by denying his motion for removal. Appellant's assignment of error is without merit. Thus, we hereby affirm the judgment of the probate court.
Grendell, J., concurs,
O'Neill, J., dissents with Dissenting Opinion.
[1] At the time of the court's judgment entry denying his motion for removal, appellant's exceptions to the inventory of Fortino's estate were still pending.
[2] As a brief aside, we note that appellant does not contest the validity of the power of attorney. Instead, appellant's contentions are limited to Genevieve's use of the power of attorney.
[3]The evidence fails to demonstrate that Genevieve utilized the power of attorney to issue a gratuitous transfer to herself.
[4] We note that appellant never contests the validity of the establishment of the joint and survivorship accounts. See, e.g., Stowers
at 3, (noting that although a party could not challenge the inter vivos actions of the beneficiary, a party could legitimately challenge the formation of the joint and survivorship accounts).