[Cite as *In re Guardianship of Igah*, 2015-Ohio-4511.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF ROSWITHA O. IGAH | : | |
| | : | |
| | : | Appellate Case No. 26416 |
| | : | |
| | : | Trial Court Case No. 2006-GRD-273 |
| | : | |
| | : | (Appeal from Probate Court) |
| | : | |
| | : | |
| | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of October, 2015.

. . . . . . . . . . .

ROBERT L.SCOTT, Atty. Reg. No. 0086785, 8801 North Main Street, Suite 200, Dayton, Ohio 45415
        Attorney for Appellant

FLORA IGAH, 1715 Parkhill Drive, Dayton, Ohio 45406
        Appellee-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this case, Appellant, Roswitha O. Igah, appeals from a probate court decision overruling her motion to terminate her guardianship or to appoint a guardian other than Roswitha's mother, Appellee, Flora Igah. Roswitha contends that the trial court erred in overruling the motion to terminate or to appoint an alternate guardian.

{¶ 2} We conclude that Roswitha waived all but plain error, based on her failure to provide the trial court with a transcript of the magistrate's hearing. Furthermore, our review of the record indicates that there was no plain error. Accordingly, the judgment of the trial court will be affirmed.

I.  Facts and Course of Proceedings

{¶ 3} This case originated in September 2006, when Flora Igah filed an application with the Montgomery County Probate Court, asking the court to appoint her guardian of the person of her daughter, Roswitha Igah, who was then 20 years old. A statement of expert evaluation was filed with the application, indicating that Roswitha suffered from a severe psychotic disorder. After an investigator's report was completed, an attorney was appointed for Roswitha. Subsequently, in November 2006, the court found Roswitha incompetent and issued letters of guardianship to Flora for an indefinite period.

{¶ 4} Thereafter, Flora filed periodic guardian's reports and statements of expert evaluations until May 2013, when the probate court indicated that expert evaluations no longer must be filed, because Roswitha's condition would not likely improve.

{¶ 5} In June 2013, Roswitha filed a written request to have the guardianship removed, contending that she did not need a guardian. After a few continuances, the

court ultimately scheduled the hearing for August 21, 2013. However, Roswitha filed two written requests in July 2013, asking the court to cancel the hearing. As a result, the court dismissed the application to terminate the guardianship on August 20, 2013. No appeal was taken from this decision. In the meantime, an expert evaluation had been filed on July 19, 2013, indicating that Roswitha was incapable of caring for herself, and that the guardianship should be continued.

{¶ 6} In October 2013, Roswitha filed a letter, asking for a court hearing regarding replacing her guardian. The court set the matter for a status hearing, and then appointed an attorney to represent Roswitha. In addition, the court appointed a psychologist to conduct an independent evaluation. Trial was set for January 15, 2014.

{¶ 7} In December 2013, the psychologist filed an evaluation, stating that Roswitha had been acutely ill at the time of the evaluation and had been psychiatrically hospitalized on November 25, 2013. The psychologist concluded that Roswitha was not capable of caring for herself or her finances, and recommended that the guardianship be continued.

{¶ 8} The hearing on the matter was continued several times, due to Roswitha's hospitalization, the inability of Roswitha's attorney to establish contact with her, and Roswitha's request, in April 2014, to have a new attorney appointed. The trial court appointed a new attorney in May 2014, and a hearing on Roswitha's request was held on June 23, 2014. On July 22, 2014, the magistrate filed a decision, concluding that Roswitha's guardian had sustained the burden of proving by clear and convincing evidence that Roswitha continued to be incompetent. The magistrate, therefore, concluded that the guardianship should not be terminated.

{¶ 9} Roswitha's attorney did not file objections to the magistrate's decision.

However, Roswitha filed pro se written documents with the court on July 23, July 25, and July 28, 2014, and on August 6 and 15, 2014. In the first two documents, Roswitha claimed that the magistrate's decision was unfair. In the July 28, 2014 document, Roswitha stated that she had told her attorney that she only wanted to change guardians, but her attorney proceeded on the basis that she wanted to terminate the guardianship.

{¶ 10} In the document filed on August 6, 2014, Roswitha again stated that the magistrate's decision was unfair. In a letter written on August 15, 2014, Roswitha complained about living with her mother and about her mother's alleged abuse. Roswitha did not file a transcript of the June 23, 2014 hearing.

{¶ 11} On August 26, 2014, the trial court overruled the objections to the magistrate's decision. The entry indicated that it was a final appealable order. Subsequently, on October 9, 2014, Roswitha filed a pro se notice of appeal to our court.

## II.   Alleged Error in the Trial Court's Decision

{¶ 12} Roswitha's sole assignment of error states that:

The Trial Court Erred by Overruling the Appellant's Motion to Terminate Guardianship.

{¶ 13} Under this assignment of error, Roswitha contends that the trial court erred by failing to determine whether Flora was a suitable guardian. Roswitha also contends that the trial court erred by divesting her of her court-appointed attorney during the hearing and by failing to secure a suitable guardian. Roswitha's guardian, Flora, has not filed an appellate brief.

{¶ 14} Before we address these issues, we will consider whether we have subject

matter jurisdiction over the appeal. Although the parties have not raised the issue of subject-matter jurisdiction, we may raise the issue on our own motion at any time. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 684 N.E.2d 72 (1997).

**{¶ 15}** In this regard, we note that the trial court's decision was filed on August 26, 2014, but the notice of appeal was not filed until October 9, 2014, more than 30 days later. The appeal is, therefore, untimely on its face, since App.R. 4(A) requires that notices of appeal be filed within 30 days of the entry being appealed. In such situations, we would normally lack jurisdiction over the appeal. *See, e.g., CitiBank v. Abu-Niaaj*, 2d Dist. Greene No. 2011 CA 45, 2012-Ohio-2099, ¶ 7, citing *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 17. (Other citations omitted.)

**{¶ 16}** However, there are exceptions to the timeliness requirement. For example, the appeal time is tolled where the docket fails to contain a notation that service of the judgment was made in the manner required by Civ.R. 58(B). *JPMorgan Chase Bank Trustee v. Murphy*, 2d Dist. Montgomery No. 23927, 2010-Ohio-5285, ¶ 13; *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, 26 N.E.3d 806, ¶ 3 (service of judgment must be perfected by direction to the clerk to issue service, along with notation in the docket that service was made).

**{¶ 17}** In the case before us, the trial court's entry directs the clerk to serve the parties with the entry, but the appearance docket does not contain a notation that service was made in the manner required by Civ.R. 58(B). Accordingly, the time for appeal was tolled, and we have jurisdiction over the appeal, at least insofar as filing of the notice of appeal is concerned.

{¶ 18} An additional concern we have, however, is whether the trial court's order of August 26, 2014, was a final appealable order. Again, this is an issue that we may raise on our own motion, because it involves the court's subject matter jurisdiction. *Strayer v. Cox*, 2015-Ohio-2781, ___ N.E.3d ___, ¶ 22 (2d Dist.).

{¶ 19} In order to be final, an order must comply with the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable. *Olive Branch Holdings, L.L.C. v. Smith Technology Dev., L.L.C.*, 181 Ohio App.3d 479, 2009-Ohio-1105, 909 N.E.2d 671, ¶ 13 (10th Dist.). (Citations omitted.)

{¶ 20} The part of R.C. 2505.02 that applies here is R.C. 2505.02(B)(2), which states that an order is a final order that may be reviewed if it "affects a substantial right made in a special proceeding." We have previously held that "R.C. Chapter 2111 guardianships are special proceedings." (Citation omitted.) *In re Guardianship of Hosey*, 2d Dist. Clark No. 2004 CA 33, 2005-Ohio-53, ¶ 25. An order refusing to terminate a guardianship has also been held to be an order affecting a substantial right. *In re Guardianship of Nitschke*, 113 Ohio App. 243, 246, 177 N.E.2d 628 (10th Dist.1961). See *also In re Guardianship of Scobie*, 6th Dist. Lucas No. L-07-1126, 2007-Ohio-1900, ¶ 4 (order appointing a guardian is a final appealable order), and *In re Estate of Meloni*, 11th Dist. Trumbull No. 2003-T-0096, 2004-Ohio-7224, ¶ 29 (an order denying a request to remove an executor is a final appealable order under R.C. 2505.04(B)(4), pertaining to provisional remedies, because it determines the action with respect to the provisional remedy and prevents a judgment in favor of the appellant).

{¶ 21} In the case before us, the order denying the motion to terminate the guardianship or to replace the guardian affected Roswitha's substantial rights. The

guardianship was initially ordered to continue indefinitely, meaning there was conceivably no end to the case, and there would be no way, other than an immediate appeal, to obtain review of the trial court's decision to continue the guardianship. *Compare King v. King*, 9th Dist. Medina No. 12CA0060-M, 2013-Ohio-3070, ¶ 6 (concluding that denial of a motion to remove a guardian ad litem affected a substantial right in a special proceeding because there was "no forthcoming final judgment from which [appellant] could appeal that would afford him relief with respect to the denial of his motion to remove the guardian ad litem."). Alternatively, appealability could be based on a provisional remedy analysis, as was done in *Meloni*.

{¶ 22} Having satisfied R.C. 2505.02, the next issue is whether the order complied with Civ.R. 54(B), which provides that where multiple parties or multiple claims for relief are involved, "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

{¶ 23} In the case before us, Roswitha asked to terminate the guardianship and also asked another guardian to be appointed. The trial court's August 26, 2014 entry overruled Roswitha's objections to the magistrate's decision and denied Roswitha's motion to terminate the guardianship or, in the alternative, to replace Flora as guardian. Doc. #51, Entry Overruling Objections; Adopting Magistrate's Decision; Denying Motion to Terminate, pp. 5-6.

{¶ 24} Since the trial court's entry appears to have disposed of all the claims, we would normally conclude that a Civ.R. 54(B) certification was not needed. However, the entry, itself, discusses abuse allegations in Roswitha's August 15, 2014 letter, and refers

these allegations to the magistrate for a determination of whether an investigation of the guardianship would be warranted. *Id.* at p. 5. An argument could be made that because of this referral, the order does not dispose of all the claims, and that a Civ.R. 54(B) certification should have been included.

{¶ 25} Upon consideration, however, we conclude that a Civ.R. 54(B) certification was not required. As an initial matter, we note that the allegations of abuse were not apparently raised prior to the magistrate's hearing that occurred on June 23, 2014, nor were they raised in timely objections to the magistrate's decision. In fact, the trial court refused to consider these allegations as objections to the magistrate's decision because they were not timely raised.

{¶ 26} The objections were also not formally brought before the court as a motion; instead, they were contained in a pro se letter that Roswitha filed with the court, at a time when counsel had already been appointed for her. Furthermore, as we have noted, a guardianship is a unique type of situation, with various decision points that could be considered final. An analogy would be a divorce case, where custody may be challenged on more than one occasion. However, each custody decision would be a final order, even if a party could later contest custody again, based on a change in circumstances. As a result, we conclude that a Civ.R. 54(B) certification was not needed, and that we have jurisdiction over this appeal.

{¶ 27} Having disposed of the jurisdictional issues, we will now consider the merits of the appeal. As was noted, Roswitha contends that the trial court erred in failing to terminate the guardianship. She contends, alternatively, that the trial court abused its discretion by failing to appoint a different guardian.

**{¶ 28}** R.C. 2111.49(C) provides that "[i]f the ward alleges competence, the burden of proving incompetence shall be upon the applicant for guardianship or the guardian, by clear and convincing evidence." The Supreme Court of Ohio has held that "the hearing requirements specified in R.C. 2111.02 for hearings to initially determine whether to appoint a guardian for an alleged incompetent person are explicitly incorporated in the R.C. 2111.49(C) requirements for hearings on the necessity of continuing a guardianship." *State ex rel. McQueen v. Cuyahoga Cty. Court of Common Pleas, Probate Div.*, 135 Ohio St.3d 291, 2013-Ohio-65, 986 N.E.2d 925, ¶ 14.

**{¶ 29}** Among other things, R.C. 2111.02 requires a hearing, appointment of court-appointed counsel for an alleged incompetent who is also indigent, and the right to have an independent expert evaluation upon request. R.C. 2111.02(C)(7)(c),(d), and (e). Furthermore, the probate court must act in the ward's best interest concerning a guardian's appointment, and we review rulings about appointments for abuse of discretion. *In re Anderson*, 2d Dist. Montgomery No. 25367, 2013-Ohio-2012, ¶ 15, citing *In re Estate of Bednarczuk*, 80 Ohio App.3d 548, 551, 609 N.E.2d 1310 (12th Dist.1992), R.C. 2111.50(C), and *In re Guardianship of Miller*, 187 Ohio App.3d 445, 2010-Ohio-2159, 932 N.E.2d 420 (3d Dist.).

**{¶ 30}** An abuse of discretion " 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "[M]ost instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is

unreasonable if there is no sound reasoning process that would support that decision."
*Id.*

**{¶ 31}** As was noted, the magistrate found clear and convincing evidence to support Roswitha's incompetency, and concluded that the guardianship should be continued. The trial court rejected Roswitha's arguments about this decision because Roswitha failed to file a transcript of the hearing before the magistrate.

**{¶ 32}** We have repeatedly stressed that "[i]f the objecting party fails to file a proper transcript of all relevant testimony, 'a trial court's review is necessarily limited to the magistrate's conclusions of law.' " *Allread v. Allread*, 2d Dist. Darke No. 2010 CA 6, 2011-Ohio-1271, ¶ 18, quoting *Dayton Police Dept. v. Byrd*, 2d Dist. Montgomery No. 23551, 2010-Ohio-4529, ¶ 8. (Other citations omitted.) In addition, the Supreme Court of Ohio has said that:

> If a party fails to follow the procedures set forth in Civ.R. 53(D)(3)(b)(iii) for objecting to a magistrate's findings by providing a transcript to the trial court when filing objections, that party waives any appeal as to those findings other than claims of plain error. Civ.R. 53(D)(3)(b)(iv). The fact that the party later supplies a statement under App.R. 9(C) is of no consequence; the appellate court is still precluded from reviewing the factual findings. *Swartz v. Swartz*, 9th Dist. Medina No. 11CA0057-M, 2011-Ohio-6685, ¶ 10. In plain terms, the court of appeals cannot consider evidence that the trial court did not have when it made its decision. *Herbert v. Herbert*, 12th Dist. Butler No. CA2011-07-132, 2012-Ohio-2147, ¶ 13-15.

*State ex rel. Pallone v. Ohio Court of Claims*, Slip Opinion No. 2015-Ohio-2003, ¶ 11.

**{¶ 33}** These conclusions equally apply to later provision of a transcript.   In this regard, we note that Roswitha has submitted a transcript on appeal.   However, we cannot consider the transcript, since the trial court did not have the transcript before it when it made its decision.   We also note that the transcript supplied is from a hearing held on January 14, 2015, which occurred months after the trial court made its decision regarding Roswitha's objections.   As a result, the transcript would be irrelevant, anyway.

**{¶ 34}** Upon consideration of the record, we also find no plain error.   "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings."   (Citations omitted.) *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997).

**{¶ 35}** Consistent with R.C. 2111.02 and R.C. 2111.49(C), Roswitha was given a hearing on her claims and received the assistance of appointed counsel.   There is no indication in the record that a manifest injustice occurred.   Accordingly, Roswitha's sole assignment of error is overruled.

III.   Conclusion

**{¶ 36}** Roswitha's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J. and DONOVAN, J., concur.

Copies mailed to:

Robert L. Scott
Flora Igah
Hon. Alice O. McCollum