ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant Fitworks of Cleveland, Limited Liability Company ("Fitworks") appeals from the jury verdict and award in favor of plaintiff-appellee Geraldine Arnold ("plaintiff"). For the reasons that follow, we affirm.
 {¶ 3} Plaintiff filed a complaint against Fitworks alleging that Fitworks failed to cancel her membership as required by contract, which resulted in 41 unauthorized deductions from her checking account and other damages. Plaintiff sought $10,000 in actual damages and $4,000 in punitive damages.
 {¶ 4} The matter proceeded to a jury trial. There is no transcript of the trial proceedings nor a 9(C) statement under App.R. 9. The trial court's judgment entry reflects the jury rendered a verdict in favor of plaintiff in the amount of $15,000. Fitworks now appeals and raises two assignments of error for our review.
 {¶ 5} "I. The trial court incorrectly allowed the jury to award punitive damages for an alleged breach of contract."
 {¶ 6} It is well settled that the duty to provide a transcript for appellate review falls upon the appellant. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; see, also, App.R. 3(A); App.R. 9(B); App.R. 10(A).
 {¶ 7} If no transcript is available as alleged by plaintiff here, App.R. 9(C) and (D) provide alternative means for completing the record. The plaintiff did not avail itself of either of these alternate means.
 {¶ 8} Fitworks urges us to resolve this issue based upon copies of the jury instructions contained in the record. This is not appropriate, especially where plaintiff's complaint sounds in tort as well as breach of contract and Civ.R. 15(C) provides for the amendment of the pleadings to conform to evidence presented at trial.[1]
 {¶ 9} "`[P]unitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable.'" Decastro v.Wellston City Sch. Dist. Bd. of Educ. (2002), 94 Ohio St.3d 197,201, quoting 3 Restatement of the Law 2d, Contracts (1981) 154, Section 355. Without the transcript or an App.R. 9(C) or (D) statement, we must presume regularity in the trial court's proceedings and affirm the judgment of the trial court. Knapp,61 Ohio St.2d at 199.
 {¶ 10} Assignment of Error I is overruled.
 {¶ 11} "II. The trial court incorrectly awarded punitive damages in an amount in excess of the amount prayed for in the complaint."
 {¶ 12} Fitworks contends that plaintiff's punitive damages award must be reduced to $4,000 because that is the amount she demanded in her complaint. Fitworks relies on Civ.R. 8(A) for the proposition that plaintiff may only recover damages in an amount she requested. However, it is Civ.R. 54(C) that governs the resolution of this issue. Civ.R. 54(C) provides in relevant part:
 {¶ 13} "* * * Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled,even if the party has not demanded the relief in thepleadings." (Emphasis added).[2]
 {¶ 14} Accordingly, Assignment of Error II lacks merit and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., concurs.
 Cooney, J., concurs in judgment only.
[1] Plaintiff alleged, inter alia, that she cancelled her membership; that Fitworks made 41 unauthorized deductions from her account; that she sought help from a third party to recoup her money; and Fitworks still refused to cancel her membership and/or return her money. A letter sent by the City of Cleveland Department of Consumer Affairs on plaintiff's behalf on November 12, 2002 demanded that Fitworks cancel plaintiff's membership effective August 16, 1999 and demanded return of monies taken from her account after that date. The letter is contained in the record as an Exhibit. Thus, we find the same conduct constituting plaintiff's breach of contract could also give rise to a tort claim, i.e., conversion. "Conversion is `any exercise of dominion or control wrongfully exerted over personal property of another in denial of or under a claim inconsistent with his rights.'Okocha v. Fehrenbacher (1995), 101 Ohio App.3d 309, 318. If the original taking was rightful and no act of dominion or control inconsistent with plaintiff's ownership had taken place, a demand and refusal are necessary. Ohio Tel. Equip. Sales, Inc. v.Hadler Realty Co. (1985), 24 Ohio App.3d 91, 93. Thus, in order to prevail on a claim for conversion of property, the owner must demonstrate (1) he or she demanded the return of the property from the possessor after the possessor exerted dominion or control over the property; and (2) that the possessor refused to deliver the property to its rightful owner. Id." Cary Corp. v.Linder, Cuyahoga App. No. 80589, 2002-Ohio-6483, ¶ 33.
[2] "This language reflects the significant amendment effected on July 1, 1994. Prior to this amendment, this portion of Civ.R. 54(C) restricted awards of damages to those demanded by the prayer that was in effect on the sixth day prior to trial.Bishop v. Grdina (1985), 20 Ohio St.3d 26. Civil Rule 54(C)'s restriction on default judgments was unaffected by the 1994 amendment." Nat'l City Bank v. Shuman, Summit App. No. 21484,2003-Ohio-6116, ¶ 7.