[Cite as *In re Cicchella*, 2014-Ohio-5703.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


IN THE MATTER OF THE : **O P I N I O N**
GUARDIANSHIP OF:
ANNE M. CICCHELLA, :

CASE NO. 2013-L-132


Appeal from the Lake County Court of Common Pleas, Probate Division, Case No. 13 GU 0147.

Judgment: Affirmed.


*Philip G. King*, Philip G. King, Co., L.P.A., 137 Main Street, Suite 1, Chardon, OH 44024 (For Appellant, Anne M. Cicchella).

*Michael D. Murray*, Murray & Black LTD, LPA, 38109 Euclid Avenue, Willoughby, OH 44094 (Guardian).


THOMAS R. WRIGHT, J.

{¶1}   This appeal is from the Lake County Court of Common Pleas, Probate Division.   Appellant Anne M. Cicchella appeals the judgment entry appointing a guardian over her estate and person.   For the following reasons, we affirm.

{¶2}   In October of 2013, employees at Lake Health West Medical Center sent an emergency guardianship application to the trial court to initiate guardianship proceedings.   According to the accompanying letter and application, Cicchella suffered

from severe depression that prevented her from taking care of herself or managing her affairs.

{¶3} A hearing was held to determine whether a guardian should be appointed. No record of the hearing was made. Initially, the record did not reveal whether Cicchella was represented by a lawyer, and the judgment entry appointing a guardian does not indicate whether Cicchella had a lawyer present. The record also did not indicate whether Cicchella waived her right to counsel.

{¶4} On her notice of appeal, Cicchella indicated that she would be submitting an App.R. 9(C) or (D) statement in lieu of a transcript. No App.R. 9(C) or (D) statement was submitted. However, attached to her appellate brief, Cicchella submitted an affidavit averring that she requested the appointment of counsel during the entire guardianship proceedings. Consequently, we remanded the case back to the trial court for the limited purpose of obtaining an App.R. 9(C) or (D) statement that contained all facts necessary to decide this appeal. On remand, Cicchella submitted her affidavit as her proposed App.R. 9(C) statement to the trial court. In the trial court's statement of the record however, it indicated that Cicchella never made a request for counsel before or during the hearing. Rather, the trial court found that it became aware of Cicchella's request for counsel after it determined that a guardian would be appointed for an indefinite time period.

{¶5} Because Cicchella's assignments of error are closely related, we review them together. As her first and second assignments of error, Cicchella asserts:

{¶6} "The trial court erred in proceeding with a guardianship hearing upon the application for appointment of guardian without the appointment of an attorney to represent appellant.

{¶7} "The trial court erred in proceeding with a guardianship hearing without allowing the prospective Ward the opportunity to obtain an independent expert evaluation at the court's expense."

{¶8} Within the first assignment, Cicchella alleges that the trial court erred by not securing a waiver of her right to counsel at the guardianship hearing. Cicchella concedes that she was notified of her right to counsel, but claims that she requested counsel at the guardianship hearing and her request was denied.

{¶9} In her second assignment, Cicchella claims that her right to an independent expert evaluator was denied. According to her, the trial court was required to order an independent expert evaluator because Cicchella was indigent and because she requested such an expert. There is no express indication anywhere in the record that Cicchella requested an independent expert evaluator. However, Cicchella maintains that she expressed her opposition concerning herself and the appointed emergency guardian and to the guardianship proceedings as a whole to the trial court, and that this opposition constituted a request for an independent expert evaluator.

{¶10} In both of Cicchella's assignments of error she alleges that she was indigent at the time of the guardianship hearing. However, Cicchella did not allege in her submitted App.R. 9(C) statement to the trial court that she was indigent at the time of the guardianship hearing. Additionally, the trial court's statement of the record

3

contains no finding regarding Cicchella's indigency status at the time of the hearing. Nevertheless, for reasons stated below, Cicchella's indigency status or lack thereof does not affect the outcome of this case.

{¶11} We review the appointment of a guardian for an abuse of discretion. *In re Guardianship of Simmons*, 6th Dist. Wood No. WD-02-039, 2003-Ohio-5416, ¶16. The term "abuse of discretion" is one of art, "connoting judgment exercised by a court which neither comports with reason, nor the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30. This court has previously observed that when an appellate court is reviewing a pure issue of law, "'the mere fact that the reviewing court would decide the issue differently is enough to find error * * *. [In] contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Sertz v. Sertz*, 11th Dist. Lake No. 2011-L-063, 2012-Ohio-2120, ¶31, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶67. Errors of law are reviewed de novo. *McCarthy v. Sterling Chems., Inc.*, 193 Ohio App.3d 164, 2011-Ohio-887, ¶20 (1st).

{¶12} There is no constitutional right to counsel during a guardianship proceeding. *In re Guardianship of Nieves*, 11th Dist. Geauga No. 90-G-1574, 1991 Ohio App. LEXIS 3673, *4 (August 2, 1991), citing *Beard v. Williams Cty. Department of Social Services*, 12 Ohio St.3d 40 (1984). Rather, the right to counsel in guardianship proceedings is statutorily created. *See* R.C. 2111.02. Under this statutory framework, where the appointment of a guardian for an alleged incompetent is at issue, the alleged incompetent has a right to counsel of the alleged incompetent's

4

choice at the guardianship hearing. R.C. 2111.02(C)(7)(a). If the alleged incompetent is indigent and *upon the alleged incompetent's request*, counsel is provided at the state's expense. R.C. 2111.02(C)(7)(d). This court has been unable to find any cases detailing how an alleged incompetent can waive the right to counsel. Nevertheless, this court has previously held that other statutory rights to counsel can be waived "when an individual is informed about his or her right to counsel but does not take any steps to pursue his or her right to counsel." *In re Nevelos*, 11th Dist. Geauga No. 2007-G-2804, 2008-Ohio-3606, ¶17.

**{¶13}** R.C. 2111.02(C)(7)(d)(i) also provides that, *upon an indigent alleged incompetent's request*, an independent expert evaluator shall be appointed. This right ensures that "'some independent, unbiased evidence of the proposed ward's mental condition'" is presented to the court. *In re Guardianship of Thomas*, 148 Ohio App. 3d 11, 18 (10th Dist.2002). We have been unable to find any law indicating that providing an alleged incompetent notice of the right to an independent expert evaluator is needed for an alleged incompetent to waive his or her right to such an expert. Although the notice issue does not affect the outcome of this decision, we assume, without deciding, that an alleged incompetent must receive notice of the right to an independent expert evaluator in order to waive the right to such an expert. Finally, in the event that Cicchella was not indigent, R.C. 2111.02(C)(7)(c) provides that alleged incompetents possess "[t]he right to have evidence of an independent expert evaluation introduced."

**{¶14}** Here, Cicchella concedes that she was informed of her right to counsel and an independent expert evaluator. However, the trial court's statement of the

5

record clearly indicates that Cicchella did not timely request her right to counsel, thereby waiving that right.

{¶15} As to the issue of the independent expert evaluator, if Cicchella was not indigent at the time of the hearing, no violation of her rights occurred because there is no indication that the trial court excluded evidence from an independent expert evaluator. If Cicchella was indigent, the record does not support a conclusion that her right to have an independent evaluation performed at the state's expense was violated. Cicchella made no attempt in her proposed App.R. 9(C) statement to supplement the record with facts regarding Cicchella's request for the appointment of an independent expert evaluator and the trial court did not make a finding as to whether Cicchella requested such an expert. Although Cicchella argued in her brief that her opposition to the guardianship proceeding is evidence that she requested an independent expert evaluator, mere opposition to the proceedings or to the emergency appointed guardian is insufficient to constitute a request for an independent expert evaluator. Consequently, by failing to request an independent expert evaluator, Cicchella waived her right to that assistance.

{¶16} The first and second assignments of error are without merit.

{¶17} The judgment of the Lake County Court of Common Pleas, Probate Division, is affirmed.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____

6

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶18} I respectfully dissent.

{¶19} The facts before this court establish that appellant is indigent and alleged to be incompetent. She was reported as having a mental impairment and was diagnosed as paranoid and delusional. An expert evaluator opined that appellant is not capable of caring for herself. It is unclear whether appellant's illness is reversible.

{¶20} As a result of her condition and pursuant to the recommendation from Lake Health, a guardian was appointed for a short term. Appellant, however, opposed the guardianship. The probate court held a hearing. Appellant later averred in an affidavit that she verbally requested that an attorney be appointed to represent her and she expressed her opposition to the guardianship at the hearing.

{¶21} Nevertheless, the guardian was appointed to serve for an indefinite period of time and no attorney was ever appointed. In addition, although the probate court record lacks sufficient documentation regarding appellant's indigency status, she was later found to be indigent by this court. Thus, it is reasonable to conclude that appellant was indigent at the time of the guardianship hearing. However, appellant was not appointed an independent expert evaluator at court expense.

{¶22} "'(U)nlike criminal litigation, there is no general right of counsel in civil litigation.'" *State ex rel. McQueen v. Court of Common Pleas*, 135 Ohio St.3d 291, 2013-Ohio-65, ¶9, quoting *State ex rel. Burnes v. Athens Cty. Clerk of Courts*, 83 Ohio St.3d 523, 524 (1998). However, the Supreme Court of Ohio has "recognized the right of indigent persons to appointed counsel at state expense when a statute provides it." *McQueen* at ¶9, citing *State ex rel. Asberry v. Payne*, 82 Ohio St.3d 44 (1998).

7

{¶23} The General Assembly has empowered probate courts to appoint a guardian of an incompetent person. R.C. 2111.02(A). R.C. 2111.02(C) specifies that "[p]rior to the appointment of a guardian * * *, the court shall conduct a hearing on the matter of the appointment" and that "[t]he hearing shall be conducted in accordance with all of the following" requirements:

{¶24} "(1) The proposed guardian or limited guardian shall appear at the hearing and, if appointed, shall swear under oath that the proposed guardian or limited guardian has made and will continue to make diligent efforts to file a true inventory in accordance with section 2111.14 of the Revised Code and find and report all assets belonging to the estate of the ward and that the proposed guardian or limited guardian faithfully and completely will fulfill the other duties of guardian, including the filing of timely and accurate reports and accountings.

{¶25} "(2) If the hearing is conducted by a magistrate, the procedures set forth in Civil Rule 53 shall be followed.

{¶26} "(3) If the hearing concerns the appointment of a guardian or limited guardian for an alleged incompetent, the burden of proving incompetency shall be by clear and convincing evidence.

{¶27} "(4) Upon request of the applicant, the alleged incompetent for whom the appointment is sought or the alleged incompetent's counsel, or any interested party, a recording or record of the hearing shall be made.

{¶28} "(5) Evidence of a less restrictive alternative to guardianship may be introduced, and when introduced, shall be considered by the court.

8

**{¶29}** "(6) The court may deny a guardianship based upon a finding that a less restrictive alternative to guardianship exists.

**{¶30}** "(7) If the hearing concerns the appointment of a guardian or limited guardian for an alleged incompetent, the alleged incompetent has all of the following rights:

**{¶31}** "(a) The right to be represented by independent counsel of the alleged incompetent's choice;

**{¶32}** "(b) The right to have a friend or family member of the alleged incompetent's choice present;

**{¶33}** "(c) The right to have evidence of an independent expert evaluation introduced;

**{¶34}** "(d) *If the alleged incompetent is indigent, upon the alleged incompetent's request*:

**{¶35}** "(i) *The right to have counsel and an independent expert evaluator appointed at court expense*;

**{¶36}** "(ii) If the guardianship, limited guardianship, or standby guardianship decision is appealed, the right to have counsel appointed and necessary transcripts for appeal prepared at court expense." (Emphasis added.)

**{¶37}** Based on the facts presented and pursuant to R.C. 2111.02(C)(7)(d)(i), I believe appellant, an indigent and alleged incompetent, has a statutory right and is entitled to counsel and to an independent expert evaluator appointed at court expense. Appellant expressed her opposition to the concept of guardianship as documented in the court investigator's report filed on November 12, 2013. Appellant also expressed a

9

conflict with her court-appointed guardian. As evidenced by her affidavit, appellant requested to be represented by an attorney. However, she was denied her right to counsel.

{¶38} In addition, the investigator reported in the November report that there was a need for additional medical, psychiatric, or psychological testing. The probate court overlooked the indigency determination, which ultimately affected appellant's right to an independent expert evaluator. Appellant, without the benefit of counsel, had no reasonable knowledge that indigency triggered her right to have an independent expert evaluator appointed at court expense.

{¶39} Because I believe appellant was entitled to counsel and to an independent expert evaluator appointed at court expense, I respectfully dissent.