[Cite as *Guardianship of Naticchia*, 2020-Ohio-6814.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

GUARDIANSHIP OF : **O P I N I O N**

LILLIAN MARIE NATICCHIA :

                                          **CASE NO. 2020-L-034**

                                 :

Civil Appeal from the Lake County Court of Common Pleas, Probate Division, Case No. 2020 GU 1003.

Judgment: Affirmed.

*Margaret T. Karl,* 1100 W. Bagley Road, Suite 210, Berea, Ohio 44017 (For Appellee).

*Patrick DiChiro*, 6300 Rockside Road, Suite 302, Independence, Ohio 44131 (For Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, James Naticchia, appeals the decision appointing his sister, Karen Loebsack, as guardian of their mother, Lillian Marie Naticchia. We affirm.

{¶2} James and Karen filed competing applications to be appointed limited guardian of their mother's person, an alleged incompetent, in early 2020. When the proceedings were initiated, Lillian was 88 years old and had seven adult children.

{¶3} James' application includes Lillian's doctor's report dated November 18, 2019. The doctor states he has been Lillian's doctor for 15 years and finds that she is mentally impaired suffering from senile dementia. The doctor notes her condition is not

reversible, and she is unable to care for herself. Thus, he recommends establishing a guardianship over her person.

{¶4} The court conducted a hearing February 12, 2020 and issued its decision appointing Karen as guardian of Lillian's person two days later. In support of its decision appointing Karen instead of James, the trial court notes that a majority of Lillian's children do not believe James is "best suited to be their mother's caregiver."

{¶5} The hearing was not recorded, and upon filing his appeal, James also filed an App.R. 9(C)(1) statement of the evidence. On remand, the trial court did not adopt James' statement but issued its own App.R. 9(C) statement of the evidence detailing the trial court proceedings and the evidence at the February 12, 2020 hearing.

{¶6} James raises one assignment of error from the judgment appointing Karen as guardian of Lillian's person.[1] He does not dispute the court's incompetency finding but challenges the trial court's procedure as improper. Thus, he asks us to reverse and remand with an order requiring it to conduct a new and compliant hearing to appoint his mother's guardian.

{¶7} James' sole assignment of error asserts:

{¶8} "The trial court erred by denying due process to the ward when it granted a guardianship of the person and failed to advise the ward of all her rights, failed to allow the ward the opportunity to state her wishes, and granted the guardianship without conducting a proper hearing."

---

[1]We separately overruled appellant's July 28, 2020 amended appeal seeking to include arguments arising from the trial court's subsequent March 13, 2020 and May 22, 2020 decisions based on a lack of jurisdiction, among other reasons.

{¶9} James' assigned error consists of three arguments. He first contends the court violated R.C. 2111.02(C)(7)(d) by failing to advise the ward of her statutory rights and not inquiring as to whether she understood them.

{¶10} Because he did not raise this issue to the trial court, he waives all but plain error on appeal. *Marks v. Swartz*, 174 Ohio App.3d 450, 2007-Ohio-6009, 882 N.E.2d 924, ¶ 42 (11th Dist.), citing *Stores Realty Co. v. Cleveland Bd. of Bldg. Stds. & Bldg. Appeals*, 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 322 N.E.2d 629 (1975). The failure to object at the trial court waives the issue except for plain error. *Id.*

{¶11} The doctrine of plain error "is sharply limited to the *extremely rare* case involving *exceptional* circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself." (Emphasis sic.) *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1099 (1997).

{¶12} R.C. 2111.02(C)(7) states:

{¶13} "If the hearing concerns the appointment of a * * * limited guardian for an alleged incompetent, the alleged incompetent has all of the following rights:

{¶14} "(a) The right to be represented by independent counsel of the alleged incompetent's choice;

{¶15} "(b) The right to have a friend or family member of the alleged incompetent's choice present;

{¶16} "(c) The right to have evidence of an independent expert evaluation introduced;

3

{¶17} "(d) If the alleged incompetent is indigent, upon the alleged incompetent's request:

{¶18} "(i) The right to have counsel and an independent expert evaluator appointed at court expense * * *."

{¶19} Although R.C. 2111.02(C)(7) enunciates these rights, it does not dictate the manner in which a court is required to communicate these rights to the potential ward.

{¶20} Notwithstanding, we have held that a court's advisement of a ward of her statutory rights and a subsequent lack of assertion of the rights, constitutes a waiver. *In re Cicchella*, 11th Dist. Lake No. 2013-L-132, 2014-Ohio-5703, ¶ 14-15 (ward concedes she was informed of her rights but by failing to request an independent expert evaluator, she waived her right to that assistance).

{¶21} And in response to James' application, the court issued notice of the proceeding to Lillian that recites each of the rights identified in R.C. 2111.02(C)(7). The return service portion of this notice was completed by the court investigator and filed January 24, 2020. It states that Lillian received the notice January 21, 2020.

{¶22} Moreover, the investigator's report states that he met with Lillian. His report is filed with the court, and it includes the preprinted language immediately above the investigator's signature line that states:

{¶23} "I certify that I have served notice to the alleged incompetent as required by statute, and I have communicated to the individual in a language and method best understandable by the individual [sic] the individual's right to be present at the hearing, the right to contest any application for the appointment of a guardian for his or her person, estate, or both, and the right to be represented by counsel."

4

{¶24} The investigator's report also states that Lillian did not fully comprehend her legal rights but that she may attend the hearing with her son. It also notes that she could not "repeat key aspects of guardianship" but that she is "agreeable to have her son (James A. Naticchia) serve as her legal guardian."

{¶25} Finally, the court's June 11, 2020 statement of the evidence states in part:

{¶26} "18. The Court Investigator, upon serving notice of the James Application on the ward on January 21, 2020 and the filing of said proof of service on January 24, 2020, also informed the ward of her rights as articulated in R.C. 2111.02(C)(7)(d). Those rights include the presence, at the hearing on the appointment of a guardian, of legal counsel of the person's choice, or the appointment of legal counsel at the person's request if the person is indigent. A proposed ward in a guardianship proceeding is not presumptively appointed legal counsel; the proposed ward must be indigent and request court-appointed counsel. R.C. 2111.02(C)(7)(d). Lillian M. Naticchia was not found to be indigent, she did not request the appointment of legal counsel, and no attorney has filed a notice of appearance on the ward's behalf according to the record."

{¶27} Based on the foregoing, the trial court advised Lillian of her statutory rights, and there is nothing evidencing she sought to invoke them or that others invoked them on her behalf. Thus, by not invoking these rights after receiving notice, she waived her statutory rights. *In re Cicchella*, 11th Dist. Lake No. 2013-L-132, 2014-Ohio-5703, ¶ 14-15.

{¶28} Accordingly, we find no error, let alone plain error, and James' first argument under his first assigned error lacks merit.

5

{¶29} Second, James claims the court denied Lillian due process by failing to ascertain who she wanted to be the guardian of her person. He also complains that the court investigator failed to recommend who should be appointed her guardian. We disagree.

{¶30} "We [generally] review the appointment of a guardian for an abuse of discretion. * * * The term 'abuse of discretion' is one of art, 'connoting judgment exercised by a court which neither comports with reason nor the record.' *State v. Underwood,* 11th Dist. Lake No.2008-L-113, 2009-Ohio-2089, ¶ 30. * * * [However,] when an appellate court is reviewing a pure issue of law, '"the mere fact that the reviewing court would decide the issue differently is enough to find error * * *. [In] contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error."' *Sertz v. Sertz,* 11th Dist. Lake No.2011-L-063, 2012-Ohio-2120, ¶ 31, quoting *State v. Beechler,* 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 67. Errors of law are reviewed de novo. *McCarthy v. Sterling Chems., Inc.,* 193 Ohio App.3d 164, 951 N.E.2d 441, 2011-Ohio-887, ¶ 20 (1st)." *In re Cicchella*, 11th Dist. Lake No. 2013-L-132, 2014-Ohio-5703, ¶ 11.

{¶31} Like his last argument, however, there is likewise no objection on this basis to the trial court. Thus, we review for plain error. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1099 (1997).

{¶32} In support of this argument, James relies on one paragraph from *In re Guardianship of Carpenter*, 2016-Ohio-3389, 66 N.E.3d 272 (3d Dist.), in isolation.

{¶33} However, *Carpenter* is an appeal by a ward who is challenging the continuation of the guardianship over her person. *In re Guardianship of Carpenter*, 2016-Ohio-3389, 66 N.E.3d 272, ¶ 5 (3d Dist.). Carpenter twice moved the trial court for independent counsel of her choice, and the court overruled her motion without her presence at the hearing. In finding reversible error, the court of appeals explains in part:

{¶34} "The desires of the ward and the determination made by the guardian are adverse to one another. Thus, the guardian cannot represent his or her own interest, as guardian, in court and also represent the contrary wishes of the ward since they conflict. In that situation, it only stands to reason that the ward should be entitled to appear on his or her own behalf and tell the trial court what his or her wishes are.

{¶35} "The trial court itself agreed that it would need to speak with the ward personally to determine the ward's wishes. The record contains no evidence that the trial court ever spoke with the ward prior to ruling on the motion. * * * Thus, the hearing was held on Carpenter's motion without Carpenter's knowledge, without Carpenter's presence, and with no one to protect Carpenter's interests. This is a clear denial of due process. Carpenter should have received notice of the hearing on her motion and been allowed an opportunity to be heard on her case. To hold otherwise would be to prevent any ward whose guardian opposed the motion for independent counsel from having a meaningful hearing before a trial court." *In re Guardianship of Carpenter*, 2016-Ohio-3389, 66 N.E.3d 272, ¶ 7-8 (3d Dist.).

{¶36} Unlike *Carpenter*, Lillian did not assert the right to independent counsel or seek to assert any of her other statutory rights delineated in R.C. 2111.02(C)(7). Further,

7

none of her seven children asserted any of these rights on her behalf. Thus, *Carpenter* is inapplicable.

{¶37} Moreover, while seemingly relevant, James fails to identify any law *requiring* a court to inquire about the proposed ward's wishes as to who her guardian should be before the initial appointment.

{¶38} The statute governing the investigation of an alleged incompetent, R.C. 2111.041, does not require a determination as to who is best suited to act as guardian and does not direct the court investigator to recommend a guardian. Further, R.C. 2111.02, governing the appointment of a guardian, does not suggest or mandate a court to secure the potential ward's wishes as to who should be appointed.

{¶39} Thus, James fails to demonstrate error, and his second argument under his first assigned error lacks merit.

{¶40} James' third and final argument asserts the court's hearing was improper and must be conducted anew since the court did not swear in the witnesses at the hearing, and thus its decision is based on unsworn testimony.

{¶41} The court does not state in its App.R. 9(C) statement of the evidence that the witnesses were sworn to tell the truth before it heard their testimony. However, when recounting the evidence presented at the hearing it states: "[t]he Court heard the following testimony and evidence during the hearing held on February 12, 2020 * * *." Regardless, because no one requested the hearing be recorded, James was unable to secure a hearing transcript and consequently cannot establish the court erred. Thus, we presume regularity. *Arnold v. Fitworks, L.L.C.*, 8th Dist. Cuyahoga No. 84737, 2004-Ohio-7031, ¶ 9.

8

{¶42} Because James does not establish the witnesses were not sworn in at the competency hearing, his third argument under his first assigned error lacks merit.

{¶43} The trial court's judgment is affirmed.


TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.