[Cite as *State ex rel. McQueen v. Cuyahoga Cty. Common Pleas Court, Probate Div.*, 2012-Ohio-1839.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97835**

## STATE OF OHIO EX REL., JAMES L. McQUEEN

RELATOR

vs.

## THE COURT OF COMMON PLEAS OF CUYAHOGA COUNTY, PROBATE DIVISION

RESPONDENT

**JUDGMENT:**
**WRIT DENIED**

Writ of Mandamus
Motion Nos. 451411 and 452069
Order No. 453540

**RELEASE DATE:**   April 24, 2012

**ATTORNEYS FOR RELATOR**

John R. Harrison
Jason C. Boylan
Ohio Legal Rights Service
50 West Broad Street, Suite 1400
Columbus, OH    43215


**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:     Charles D. Hannan, Jr.
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

MELODY J. STEWART, P.J.:

{¶1} On January 13, 2012, the relator, James McQueen, commenced this mandamus action against the Court of Common Pleas of Cuyahoga County, Probate Division (hereinafter "the Probate Court") to compel the Probate Court to appoint an attorney pursuant to R.C. 2111.02(C) and R.C. 2111.49(C), to represent him in a hearing to determine the continued need for a guardianship in the underlying case, *In re: James McQueen*, Cuyahoga County Common Pleas Court, Probate Division Case No. 2010-GRD-0156289. On January 18, 2012, McQueen moved for summary judgment. On January 20, 2012, this court issued an alternative writ directing the Probate Court to appoint counsel for McQueen or show cause by January 25, 2012, why counsel should not be appointed.[1] The Probate Court timely filed its show cause brief and then filed its own motion for summary judgment on February 7, 2012. On February 29, 2012, McQueen filed his brief in opposition to the Probate Court's summary judgment motion. For the following reasons, this court grants the Probate Court's motion for summary judgment, denies McQueen's dispositive motion, and denies the writ of mandamus.

{¶2} The underlying case began in March 2010, with an application to appoint a guardian for McQueen. The Probate Court on May 5, 2010, found McQueen to be incompetent; the evidence showed that he was homeless, without teeth, and without medications to control his diagnosed diabetes and schizophrenia. The Probate Court

---

[1] McQueen in his prayer for relief requested an alternative writ, if this court found it necessary.

appointed Karyn Seeger of Adult Guardianship Services as guardian who placed McQueen in a secured nursing facility from which he apparently cannot voluntarily leave.[2]

{¶3} In the fall of 2011, McQueen moved to have his guardianship reviewed pursuant to R.C. 2111.49 because he believes that he is not in need of a guardian. After initially scheduling the review hearing for December 5, 2011, the Probate Court rescheduled it for January 30, 2012, and ordered the guardian to submit an updated statement of expert evaluation. On December 20, 2011, McQueen moved for appointment of counsel and independent expert evaluation and for a continuance of the hearing. He argued that because he is indigent he has a right to appointed counsel and independent expert evaluation pursuant to R.C. 2111.01(C)(7) and R.C. 2111.49(C).[3] The Probate Court, in a December 27, 2011 journal entry, denied the continuance, noting that the medical evaluation had already been ordered and stating that "[a]ll other matters raised by the ward will be addressed at the Review Hearing." McQueen then commenced this mandamus action. When the Probate Court filed its show cause brief, it also postponed the review hearing until the resolution of this mandamus action.

{¶4} The gravamen of McQueen's argument is that R.C. 2111.49(C) provides that upon written request by the ward after 120 days after "the original appointment of the guardian, a hearing shall be held in accordance with section 2111.02 of the Revised Code

---

[2] Karyn Seeger was the second applicant for guardian.

[3] It is undisputed that McQueen is indigent.

to evaluate the continued necessity of the guardianship."   R.C. 2111.02(C) provides the safeguards and rights for the appointment of a guardian as follows:   "Prior to the appointment of a guardian * * * the court shall conduct a hearing on the matter of the appointment.   The hearing shall be conducted in accordance with all the of the following:" Subsection 1 requires the proposed guardian to appear at the hearing and, if appointed, swear under oath to faithfully fulfill his obligations.   Subsection 2 provides that if a magistrate presides at the hearing, Civ.R. 53 shall be followed.   Subsection 3 states that if the hearing concerns the appointment of guardian for an alleged incompetent, the burden of proving incompetency shall be by clear and convincing evidence.[4]   Subsection 4 provides that a record of the hearing shall be made upon request, and subsections 5 and 6 allow the introduction of evidence of a less restrictive alternative to a guardianship and permits the court to deny a guardianship based on such an alternative.

{¶5} Subsection 7 contains the provisions at issue in this case.   It states:

If the hearing concerns the appointment of a guardian or limited guardian for an alleged incompetent, the alleged incompetent has all of the following rights:

(a)   The right to be represented by independent counsel of the alleged incompetent's choice;

(b)   The right to have a friend or family member of the alleged incompetent's choice present;

---

[4] R.C. 2111.49(C) also requires that "[i]f the ward alleges competence, the burden of proving incompetence shall be upon the applicant for guardianship or the guardian, by clear and convincing evidence."

(c)　The right to have evidence of an independent expert evaluation introduced;

(d)　If the alleged incompetent is indigent, upon the alleged incompetent's request:

　　(i) The right to have counsel and independent expert evaluator appointed at court expense;

　　(ii) If the guardianship, limited guardianship, or standby guardianship decision is appealed, the right to have counsel appointed and necessary transcripts for appeal prepared at court expense.

{¶6} Therefore, McQueen argues that, in reading the two statutes in pari materia, the "hearing shall be held in accordance with section 2111.02 " language of R.C. 2111.49(C) means that all of the safeguards and procedures of 2111.02(C), including specifically in this case the right of an indigent to have a court appointed attorney, are incorporated into a hearing to evaluate the continued necessity of the guardianship. McQueen advocates that the language of the statutes establishes the clear legal right of an indigent ward to have appointed counsel for the review hearing and the clear legal duty of the Probate Court to appoint such counsel, and that such right is enforceable in mandamus.[5]

{¶7} To bolster his position, McQueen attaches orders from the Franklin, Medina, Summit, Jefferson, and Logan County probate courts in which the courts appointed

---

[5]The requisites for mandamus are well established:　(1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law.　*State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987).

counsel for indigent wards for review hearings. The Franklin County order is of particular interest because it appoints counsel "[p]ursuant to R.C. Sections 2111.02(C)(7)(d) and 2111.49(C)" in what appears to be a "fill in the blank" form, indicating that this is the court's policy.

{¶8} However, these orders are not controlling authority that R.C. 2111.49(C) incorporates all of the safeguards and rights of R.C. 2111.02(C) into the a review hearing. None of the orders explicitly rule that the "in accordance with" language necessarily includes all of the subsections of R.C. 2111.02(C)(7). Nor can this court conclude from these orders that those probate courts interpreted the two statutes so as to require the appointment of counsel for indigent wards in review hearings. Those courts in the exercise of their discretion may have decided to appoint counsel given the peculiarities of those cases. Those courts may have also concluded that the better practice is to appoint counsel for indigent wards in review hearings, even if the statutes do not require it. Thus, these orders are inconclusive for determining whether the statutes create a clear legal right and clear legal duty enforceable in mandamus for indigent wards to have appointed counsel in review hearings. McQueen does not otherwise cite to any controlling authority that R.C. 2111.49(C) incorporates all of the safeguards and rights of R.C. 2111.02(C) into a review hearing. Indeed, there seems to be a paucity of cases interpreting the statutes.

{¶9} In response, the Probate Court argues that the General Assembly by using the language "[i]f the hearing concerns the appointment of a guardian * * * for an alleged

incompetent, the alleged incompetent has all of the following rights" limited the scope of subsection 7 to the initial hearing and excluded from its scope the subsequent hearings to determine the continued necessity of a guardianship. The respondent Probate Court argues that the language is very clear. "Appointment" is not the same as re-evaluation. "Alleged incompetent" is a status different from "incompetent." Thus, subsection 7, by its limiting language, is outside the scope of "the in accordance with" language of subsection R.C. 2111.49(C).

{¶10} Furthermore, the General Assembly in subsection .49(C) imposed on the guardian in a review hearing the burden of proving incompetency by clear and convincing evidence. This is the same burden of proof that R.C. 2111.02(C)(3) imposes on the applicant in an initial guardianship hearing. If the General Assembly had meant to incorporate all of the safeguards and rights of subsection .02(C) into the review hearing, then there would be no need to repeat this safeguard in subsection .49(C). This is further indicia that the General Assembly did not mean to incorporate all of subsection .02(C) into the review hearing. The Probate Court's interpretation would allow the rights and safeguards of subsection .02(C)(2), (4), (5) and (6) to apply to review hearings; thus, R.C. 2111.49(C) would not be a nullity.

{¶11} McQueen offers the rebuttal that this interpretation would lead to absurd results if subsection 7 applied only to initial hearings. Subsection 7(a) permits an alleged incompetent the right to be represented by counsel of his/her own choice. Under the Probate Court's interpretation, McQueen argues, a solvent ward would not be allowed

to retain and be represented by counsel of choice.[6]   Additionally, subsections R.C. 2111.02(A) and (B) do not lend themselves to be incorporated into a hearing on the continued necessity of a guardianship; thus, the General Assembly must have meant to incorporate subsection .02(C) into review hearings.    McQueen also asserts that this is the only instance in Chapter 2111 that the General Assembly incorporated R.C. 2111.02 into another hearing.   It is clear that McQueen is advocating that all indigent wards in Ohio should, and do, have the right to appointed counsel for review hearings, if requested.   If a person is in physical custody, such as McQueen who is in a secured nursing home, the value of personal counsel is indispensable, and the right to counsel should not be a function of the county of residence.   Thus, both sides offer strong arguments for their positions.

{¶12}   Mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear.   It should not issue in doubtful cases.   *State ex rel. Taylor v. Glasser* , 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (1993); and *State ex rel. Dayton-Oakwood Press v. Dissinger*, 32 Ohio Law Abs. 308 (1940).   In the present case, the lack of controlling authority, the reiteration of the burden of proof in both statutes, and the limiting language in subsection 7 of "if the hearing concerns the appointment of the guardian" and "the alleged incompetent" create doubt as to whether

---

[6] This argument may present a "Catch-22" as to whether an incompetent could retain counsel.

the General Assembly intended subsection 7 to be incorporated into the hearing on the necessity of continuing a guardianship. The relator has not established the *clear* legal right and the *clear* legal duty enforceable in mandamus. Accordingly, this court declines to issue the writ of mandamus and dissolves the alternative writ.

{¶13} This ruling is a limited one. It does not preclude the relator, if necessary and appropriate, from arguing on appeal on a full record that an indigent ward pursuant to these statutes has the right to appointed counsel for a hearing on the continued necessity of the guardianship. Nor should it preclude other courts from appointing counsel for indigent wards in review hearings, if the court concludes that such an appointment is necessary, appropriate, or required.

{¶14} Accordingly, this court grants the respondent's motion for summary judgment and denies the relator's motion for summary judgment. Relator to pay costs. This court directs the clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶15} Writ denied.

_____

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
MARY EILEEN KILBANE, J., CONCUR