THE STATE EX REL. MCQUEEN, APPELLANT, *v.* COURT OF COMMON PLEAS OF

CUYAHOGA COUNTY, PROBATE DIVISION, APPELLEE.

[Cite as *State ex rel. McQueen v. Cuyahoga Cty. Court of Common Pleas,*

*Probate Div.,* **135 Ohio St.3d 291, 2013-Ohio-65.**]

*Guardianships—Hearings on continued necessity of guardianship—R.C.*
*2111.49(C) and 2111.02(C)(7)(d)—Appointment of attorney at court*
*expense required.*

(No. 2012-0923—Submitted January 9, 2013—Decided January 16, 2013.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 97835, 2012-Ohio-1839.

————————————

**Per Curiam.**

{¶ 1} This is an appeal by appellant, James L. McQueen, an indigent ward subject to a guardianship, from a judgment entered by the court of appeals denying his request for a writ of mandamus to compel appellee, the Court of Common Pleas of Cuyahoga County, Probate Division, to appoint counsel at court expense for him in a hearing to review the continued necessity of the guardianship. Because McQueen established his entitlement to the requested extraordinary relief in mandamus, we reverse the judgment of the court of appeals and grant the writ.

**Facts**

{¶ 2} In May 2010, the probate court granted the application of Karyn Seeger of Adult Guardianship Services to be appointed the guardian of McQueen and placed McQueen in a secured nursing facility. The probate court in effect found that McQueen was incompetent because prior to his hospitalization and placement in the nursing home, he was "homeless * * * [and] without medication

to control his diagnosed diabetes and schizophrenia, and was not compliant with his mental health case manager." The probate court had determined that McQueen was indigent and unable to retain counsel and sua sponte appointed an attorney to represent McQueen at the hearing on Seeger's application to be appointed as his guardian. The probate court later granted McQueen's appointed counsel's application for attorney fees in connection with his representation of McQueen for the hearing on the appointment of a guardian for him.

{¶ 3} In September 2011, after more than 120 days had elapsed since the probate court's appointment of the guardian for McQueen, he submitted a written request to the probate court for a review of the guardianship. McQueen believed that he no longer needed a guardian and that he was being medicated against his will. He requested that the case be set for a review hearing and that counsel be appointed for him. A guardianship-review hearing was originally scheduled in the probate court for December 5, 2011, but the court did not appoint counsel to represent McQueen for the hearing.

{¶ 4} The probate court rescheduled the review hearing for January 30, 2012, and McQueen filed a motion for the appointment of counsel at court expense, an independent expert evaluation, and a continuance of the review hearing. The probate court denied McQueen's motion for a continuance, noted that it had already ordered a medical evaluation of him, and stated that all other matters raised by him—the request to appoint counsel—would be considered at the review hearing.

{¶ 5} McQueen then filed a complaint in the court of appeals for a writ of mandamus to compel the probate court to appoint counsel for him at the court's expense pursuant to R.C. 2111.49(C) and 2111.02(C)(7) for the guardianship-review hearing. After the parties submitted motions for summary judgment, the court of appeals granted the probate court's motion and denied the writ.

**{¶ 6}** This cause is now before the court upon McQueen's appeal as of right.

### Analysis

*Mandamus: Clear Legal Right and Clear Legal Duty*

**{¶ 7}** To be entitled to the requested writ of mandamus, McQueen had to establish a clear legal right to the requested relief, a clear legal duty on the part of the probate court to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

**{¶ 8}** For the first two requirements, McQueen claims that he has established a clear legal right to the appointment of counsel at state expense for the guardianship-review hearing and a corresponding clear legal duty on the part of the probate court to appoint counsel at state expense for the hearing based on R.C. 2111.49(C) and 2111.02(C)(7)(d).

**{¶ 9}** "[U]nlike criminal litigation, there is no general right of counsel in civil litigation." *State ex rel. Burnes v. Athens Cty. Clerk of Courts*, 83 Ohio St.3d 523, 524, 700 N.E.2d 1260 (1998). Nevertheless, we have recognized the right of indigent persons to appointed counsel at state expense when a statute provides it. *State ex rel. Asberry v. Payne*, 82 Ohio St.3d 44, 693 N.E.2d 794 (1998) (right to appointment of counsel for persons in loco parentis to child in juvenile court custody proceeding under the applicable former version of R.C. 2151.352).

**{¶ 10}** The General Assembly has empowered probate courts to appoint a guardian of an incompetent person. R.C. 2111.02(A). R.C. 2111.02(C) specifies that "[p]rior to the appointment of a guardian * * *, the court shall conduct a hearing on the matter of the appointment" and that "[t]he hearing shall be conducted in accordance with all of the following" requirements:

(1) The proposed guardian or limited guardian shall appear at the hearing and, if appointed, shall swear under oath that the proposed guardian or limited guardian has made and will continue to make diligent efforts to file a true inventory in accordance with section 2111.14 of the Revised Code and find and report all assets belonging to the estate of the ward and that the proposed guardian or limited guardian faithfully and completely will fulfill the other duties of guardian, including the filing of timely and accurate reports and accountings.

(2) If the hearing is conducted by a magistrate, the procedures set forth in Civil Rule 53 shall be followed.

(3) If the hearing concerns the appointment of a guardian or limited guardian for an alleged incompetent, the burden of proving incompetency shall be by clear and convincing evidence.

(4) Upon request of the applicant, the alleged incompetent for whom the appointment is sought or the alleged incompetent's counsel, or any interested party, a recording or record of the hearing shall be made.

(5) Evidence of a less restrictive alternative to guardianship may be introduced, and when introduced, shall be considered by the court.

(6) The court may deny a guardianship based upon a finding that a less restrictive alternative to guardianship exists.

(7) If the hearing concerns the appointment of a guardian or limited guardian for an alleged incompetent, the alleged incompetent has all of the following rights:

(a) The right to be represented by independent counsel of the alleged incompetent's choice;

(b) The right to have a friend or family member of the alleged incompetent's choice present;

(c) The right to have evidence of an independent expert evaluation introduced;

*(d) If the alleged incompetent is indigent, upon the alleged incompetent's request:*

*(i) The right to have counsel* and an independent expert evaluator *appointed at court expense;*

*(ii) If the guardianship, limited guardianship, or standby guardianship decision is appealed, the right to have counsel appointed and necessary transcripts for appeal prepared at court expense.*

(Emphasis added.)

**{¶ 11}** R.C. 2111.49, in turn, governs review hearings for existing guardianships and provides:

(C) Except as provided in this division, for any guardianship, upon written request by the ward, the ward's attorney, or any other interested party made at any time after the expiration of one hundred twenty days from the date of the original appointment of the guardian, *a hearing shall be held in accordance with section 2111.02 of the Revised Code to evaluate the continued necessity of the guardianship.*

(Emphasis added.)

**{¶ 12}** "Venerable principles of statutory construction require that in construing statutes, we must give effect to every word and clause in the statute."

*State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 131 Ohio St.3d 478, 2012-Ohio-1484, 967 N.E.2d 193, ¶ 18. "To discern legislative intent, we 'read words and phrases in context and construe them in accordance with rules of grammar and common usage.' " *State ex rel. Barley v. Ohio Dept. of Job & Family Servs.*, 132 Ohio St.3d 505, 2012-Ohio-3329, 974 N.E.2d 1183, ¶ 20, quoting *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 11.

{¶ 13} With these principles guiding our analysis, we now consider the mandamus claim.

{¶ 14} McQueen submitted a written request for a guardianship-review hearing after the expiration of 120 days from the date the probate court had originally appointed a guardian. Pursuant to R.C. 2111.49(C), the probate court was then required to hold a hearing "in accordance with" R.C. 2111.02. The word "accordance" means "agreement, accord." *Webster's Third New International Dictionary* 12 (2002). Therefore, the hearing requirements specified in R.C. 2111.02 for hearings to initially determine whether to appoint a guardian for an alleged incompetent person are explicitly incorporated in the R.C. 2111.49(C) requirements for hearings on the necessity of continuing a guardianship. The R.C. 2111.49(C) guardianship-review hearing must be conducted in agreement and accord with the R.C. 2111.02 hearing requirements. One of these requirements is set forth in R.C. 2111.02(C)(7)(d)(i), which confers a right on the incompetent person to have counsel appointed at court expense.

{¶ 15} The court of appeals held otherwise because it concluded that the pertinent statutes were unclear:

> In the present case, the lack of controlling authority, the reiteration
> of the burden of proof in both statutes, and the limiting language in
> subsection 7 of "if the hearing concerns the appointment of the

guardian" and "the alleged incompetent" create doubt as to whether the General Assembly intended subsection 7 to be incorporated into the hearing on the necessity of continuing a guardianship. The relator has not established the *clear* legal right and the *clear* legal duty enforceable in mandamus. Accordingly, this court declines to issue the writ of mandamus and dissolves the alternative writ.

(Emphasis sic.) 2012-Ohio-1839, ¶ 12.

{¶ 16} The court of appeals erred in so holding. Although it is true that we cannot create the legal duty enforceable in a mandamus case, *State ex rel. Baroni v. Colletti*, 130 Ohio St.3d 208, 2011-Ohio-5351, 957 N.E.2d 13, ¶ 22, it is equally true that "courts in mandamus actions have a duty to construe constitutions, charters, and statutes, if necessary, and thereafter evaluate whether the relator has established the required clear legal right and clear legal duty," and in doing so, the courts have a "duty to resolve all doubts concerning the legal interpretation of these provisions." *State ex rel. Fattlar v. Boyle*, 83 Ohio St.3d 123, 125, 698 N.E.2d 987 (1998); *see also State ex rel. Melvin v. Sweeney*, 154 Ohio St. 223, 225-226, 94 N.E.2d 785 (1950). By not resolving any doubt it found in the pertinent statutes in this mandamus proceeding, the court of appeals abdicated its duty to do so. *Fattlar*.

{¶ 17} Moreover, there is no doubt in the provisions. R.C. 2111.49(C) expressly incorporates the hearing requirements relating to original appointments of guardians to proceedings concerning the continued necessity of guardianships. These requirements include the right of indigent wards to appointed counsel at court expense. Adopting the court of appeals' construction would make the R.C. 2111.49(C) directive that the guardianship-review hearing "shall be held in accordance with section 2111.02 of the Revised Code" meaningless. We must

avoid this unreasonable construction by applying the plain language of these provisions. *Carna*, 131 Ohio St.3d 478, 2012-Ohio-1484, 967 N.E.2d 193, ¶ 19, quoting *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373, 116 N.E. 516 (1917) (" 'No part [of the statute] should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative' ").

{¶ 18} In addition, as McQueen's evidence submitted in the court of appeals established, this construction is consistent with the practice of probate courts from Franklin, Summit, Medina, and Logan Counties. And amici curiae claim that other states with statutes similar to the ones at issue here recognize the right to appointed counsel in guardianship-review hearings. In fact, because the court of appeals determined that the issue was susceptible of different interpretations, it limited the reach of its holding by stating that it did not "preclude other courts from appointing counsel for indigent wards in review hearings, if the court concludes that such an appointment is necessary, appropriate, or required." 2012-Ohio-1839, ¶ 13. Again, the court erred in failing to resolve any doubt it perceived in the statutes and in further finding that any doubt existed.

{¶ 19} Therefore, based on the plain language of R.C. 2111.49(C) and 2111.02(C)(7)(d)(i), McQueen has established a clear legal right to the appointment of counsel at court expense for the guardianship-review hearing and a clear legal duty on the part of the probate court to appoint counsel for him at its expense.

*Mandamus: Lack of Adequate Remedy in the Ordinary Course of Law*

{¶ 20} McQueen also established that he lacks an adequate remedy in the ordinary course of law to challenge the probate court's refusal to appoint counsel for him for the guardianship-review hearing at court expense. *See Asberry*, 82 Ohio St.3d at 49, 693 N.E.2d 794 (grandmother lacked adequate remedy in the

ordinary course of law to challenge juvenile court judge's refusal to appoint counsel for her in custody proceeding), and cases cited therein. Mandamus is thus an appropriate remedy. *Id.*

**Conclusion**

{¶ 21} Therefore, McQueen established his entitlement to the requested extraordinary relief in mandamus. We reverse the judgment of the court of appeals and grant the writ of mandamus to compel the probate court to appoint counsel to represent him in the guardianship-review proceeding.

Judgment reversed

and writ granted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Disability Rights Ohio, John R. Harrison, and Jason C. Boylan, for appellant.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.

Ohio Poverty Law Center, L.L.C., Michael R. Smalz, and Sarah E. Biehl, urging reversal for amici curiae Ohio Poverty Law Center, L.L.C., and National Coalition for a Civil Right to Counsel.

McDonald Hopkins, L.L.C., and R. Jeffrey Pollock, urging reversal for amici curiae The Arc of Ohio, National Alliance on Mental Illness of Ohio, and People First of Ohio.

Natasha A. Plumly, urging reversal for amicus curiae Southeastern Ohio Legal Services.

John E. Schrider Jr., urging reversal for amicus curiae Legal Aid Society of Southwest Ohio.

Paul E. Zindle, urging reversal for amicus curiae Community Legal Aid Services, Inc.

William H. Fraser, urging reversal for amicus curiae Legal Aid Society of Columbus.

Miriam Sheline, urging reversal for amicus curiae Pro Seniors, Inc.

Aneel L. Chablani, urging reversal for amicus curiae Advocates for Basic Legal Equality, Inc.

Thomas Malakar, urging reversal for amicus curiae Legal Aid Society of Cleveland.

Veronica L. Martinez, urging reversal for amicus curiae Legal Aid of Western Ohio.

_____