[Cite as *Stevens v. Little Stars Early Learning Ctr., L.L.C.*, 2022-Ohio-380.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

ACE STEVENS, ET AL.,                    :

    Plaintiffs-Appellees,            :

                                          No. 110602

    v.                               :

LITTLE STARS EARLY LEARNING
CENTER, L.L.C., ET AL.,                 :

    Defendants-Appellees.            :

[Appeal by Sherwanda Black]              :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 10, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-926208

---

### *Appearances:*

Mazanec, Raskin & Ryder Co., L.P.A., Frank H. Scialdone,
and Amy K. Herman, *for appellees.*

Sherwanda Black, *pro se.*

FRANK D. CELEBREZZE, JR., P.J.:

**{¶ 1}** Defendant-appellant Sherwanda Black[1] brings this appeal challenging the trial court's judgment granting defendant-appellee Little Stars Early Learning Center, L.L.C.'s ("Little Stars") motion for judgment on the pleadings on Black's cross-claims. Black appears to argue that the trial court erred by permitting Little Stars' counsel to withdraw from Black's representation and that Black's cross-claim alleged "six (6) distinct causes of negligence actions" that were sufficient to withstand Little Stars' motion for judgment on the pleadings. After a thorough review of the record and law, this court affirms.

### I. Factual and Procedural History

**{¶ 2}** Little Stars is a childcare center located in Lyndhurst, Ohio. Little Stars is owned by Asma Mujib and managed by Valda Lennon. Black and defendant-appellee Michelle Brown were employed by Little Stars.

**{¶ 3}** This appeal arose from incidents that occurred at Little Stars between October 4 and October 8, 2019, during which plaintiff, Ace Stevens ("Ace"), who was approximately 18 months old at the time, was injured. During this time period, Black and Brown were assigned to the same classroom. It is undisputed that Black was not directly involved in the incident between Brown and Ace.

---

[1] Also known as Sherwanda Moore.

**{¶ 4}** Ace was purportedly "physically assaulted and abused" by Brown on October 4, 2019, causing him to strike his head on a table. Complaint at ¶ 4. Ace sustained a knot on his forehead and chipped a tooth.

**{¶ 5}** The record reflects that another incident occurred on October 8, 2019, during which Ace's guardian observed Brown tightly squeezing Ace's arm. Ace's guardian observed finger marks on the child's arm after it was released by Brown.

**{¶ 6}** The incident was reported to the Cuyahoga County Department of Children and Family Services, the Ohio Department of Job and Family Services ("ODJFS"), and the Lyndhurst Police Department. County and state officials initiated investigations into the allegations. At the conclusion of the investigations, it was recommended that both Brown and Black be terminated from Little Stars. Brown was terminated on October 15, 2019, and Black was terminated on October 29, 2019.

**{¶ 7}** On December 5, 2019, Ace, by and through his guardian and next friend Jazmyn Alexander, and Anthony Stevens (collectively "plaintiffs"), filed an eight-count complaint against defendants Little Stars, Brown, and Black. A settlement was ultimately reached with respect to plaintiffs' claims. On June 14, 2021, counsel for plaintiffs, Little Stars, and Brown filed a "stipulation for dismissal and journal entry." The stipulation provided, in relevant part,

> We, the attorneys for the respective parties, do hereby stipulate that Plaintiffs' claims in the above captioned matter have been settled and dismissed, with prejudice, as against Defendants Little Stars Early Learning Center, LLC, Michelle Brown and Sherwanda (Black) Moore, at the cost of Defendant Little Stars Early Learning Center, LLC.

{¶ 8} On June 15, 2021, the trial court dismissed the case with prejudice based on the parties' stipulation for dismissal.

{¶ 9} This appeal does not pertain to the settlement of plaintiffs' claims. Rather, this appeal involves cross-claims that Black asserted against Little Stars. On February 14, 2020, Black, acting pro se, asserted a six-count cross-claim against Little Stars. The substance of Black's cross-claims will be addressed in further detail below. However, Black appeared to assert claims for negligence, breach of contract, hostile work environment, or wrongful termination against Little Stars. Black alleged that Little Stars failed to inform employees about the allegations that were filed against Brown or the county and state investigations into the allegations. Black amended her cross-claim on April 15, 2020.

{¶ 10} Little Stars filed an answer to Black's amended cross-claim on May 18, 2020. Therein, Little Stars raised several affirmative defenses, including that (1) Black's cross-claim failed to state a claim upon which relief could be granted, (2) any losses, injuries, or damages sustained by Black were not proximately caused by Little Stars, (3) Little Stars did not breach any duty it owed to Black, (4) Black's cross-claim failed to comply with the pleading requirements set forth in Civ.R. 8, and (5) the claims asserted by Black failed based on Black's inability to prove the requisite elements of the claims.

{¶ 11} On August 7, 2020, Little Stars filed a motion for judgment on the pleadings as to Black's cross-claim. Therein, Little Stars argued that (1) to the extent that Black was asserting a negligence claim, Little Stars did not have a duty to

disclose information about the allegations filed against Brown or corresponding investigations to Black; (2) Black lacked standing to assert her claims pertaining to Little Stars' failure to conduct a background check before hiring Brown, failure to conduct an internal investigation into the Brown allegations, or failure to review and preserve video footage from the classrooms because Black could not demonstrate that she suffered an injury that was fairly traceable to Little Stars' purportedly unlawful conduct; (3) Black failed to sufficiently allege that a binding contract or agreement existed between her and Little Stars; (4) Black failed to sufficiently allege a hostile-work-environment claim; and (5) because Black acknowledged in her cross-claim that investigators determined that Black was negligent, and Little Stars was instructed to terminate Black's employment by ODJFS, Black's wrongful termination claim failed. Regarding Little Stars' second argument, Little Stars emphasized that Black was terminated based on the investigators' conclusion that Black was negligent, not because Little Stars failed to conduct a background check, complete an internal investigation, review surveillance footage, or share information about the Brown allegations with other employees.

{¶ 12} On September 30, 2020, Black filed a brief in opposition to Little Stars' motion for judgment on the pleadings. Black filed a corrected brief in opposition on October 1, 2020. Therein, Black argued that as a pro se litigant, she knows nothing about the law, the rules of civil procedure, or how to sufficiently state a claim against Little Stars. Black appeared to request a hearing so she would have an opportunity to orally oppose Little Stars' motion. Black appeared to rely on the doctrine of

respondeat superior in opposing Little Stars' motion for judgment on the pleadings, suggesting that Little Stars was responsible for the negligent acts or omissions of its employees. Black also appeared to assert that she was attempting to recover against Little Stars under a negligent hiring, retention, or supervision theory. Regarding Count IV of her cross-claim, Black argued that she and Little Stars' owner "indeed had a contract." Finally, Black requested an opportunity to orally assert additional claims against Little Stars for civil rights violations, harassment, infliction of emotional distress, and punitive damages.

{¶ 13} On October 6, 2020, the trial court granted Little Stars' motion for judgment on the pleadings as to Black's cross-claim. Black appealed the trial court's October 6, 2020 judgment on October 23, 2020 (*Stevens v. Little Stars Early Learning Ctr., L.L.C.*, 8th Dist. Cuyahoga No. 110053) and March 29, 2021 (*Stevens v. Little Stars Early Learning Ctr., L.L.C.*, 8th Dist. Cuyahoga No. 110389). Both appeals were dismissed by this court sua sponte for lack of a final appealable order. This court concluded that plaintiffs' claims remained pending and the trial court's October 6, 2020 judgment entry did not contain Civ.R. 54(B) language stating that "there is no just reason for delay."[2]

{¶ 14} After the parties reached a settlement on plaintiffs' claims and the trial court dismissed the case with prejudice on June 15, 2021, Black filed a third appeal

---

[2] This court cited *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989), syllabus, in its judgment entries dismissing Black's first and second appeals for lack of a final appealable order.

on June 22, 2021, challenging the trial court's judgment granting Little Stars' motion for judgment on the pleadings as to Black's cross-claim.

## II. Law and Analysis

### A. Preliminary Matters

{¶ 15} There are two preliminary matters we must address before reviewing the merits of Black's appeal.

### 1. Pro Se Litigants

{¶ 16} First, we acknowledge that Black acted pro se in the trial court in asserting her cross-claim against Little Stars and opposing Little Stars' motion for judgment on the pleadings. Black is also acting pro se in this appeal.

{¶ 17} This court has previously recognized,

> a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22. Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 104617, 2017-Ohio-935, ¶ 7.

{¶ 18} Black was presumed to have knowledge of the law and legal procedures, including the procedures for asserting her cross-claim against Little Stars. In this appeal, Black is presumed to have knowledge of the law and appellate

procedure, as set forth in App.R. 12 and 16, regarding her burden of demonstrating error on appeal and the requirements for her appellate brief.

## 2. App.R. 12 and 16

{¶ 19} Second, we note that Black failed to comply with App.R. 12 and 16.

{¶ 20} Pursuant to App.R. 12(A), this court is instructed to "[d]etermine the appeal on its merits *on the assignments of error set forth in the briefs under App.R. 16*[.]" (Emphasis added.) App.R. 12(A) further provides that "errors not specifically pointed out in the record and separately argued by brief may be disregarded" by the reviewing court. *N. Coast Cookies v. Sweet Temptations*, 16 Ohio App.3d 342, 343, 476 N.E.2d 388 (8th Dist.1984); *Martin v. Cuyahoga Cty. Prosecutor*, 8th Dist. Cuyahoga No. 102628, 2015-Ohio-4589, ¶ 10. Accordingly, an appellant's assignments of error should designate specific rulings that the appellant is challenging on appeal. If the appellant fails to comply with App.R. 12, the appeal may be dismissed.

{¶ 21} "The appellant bears the burden of demonstrating error on appeal by reference to the record of the proceedings below." *Davis v. Wesolowski*, 2020-Ohio-677, 146 N.E.3d 633, ¶ 29 (8th Dist.), citing *Stancik v. Hersch*, 8th Dist. Cuyahoga No. 97501, 2012-Ohio-1955. App.R. 16(A)(3) provides that the appellant's brief shall include "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." App.R. 16(A)(4) provides that the appellant's brief shall include "[a] statement of the issues presented for review, with references to the assignments of error to which each issue

relates." App.R. 16(A)(7) provides that the appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."

{¶ 22} In the instant matter, Black's appellate brief fails to include a statement of the assignments of error and a statement of the issues presented for review, as required by App.R. 16(A)(3) and (4). Although appellant raises several arguments throughout her appellate brief, she fails to support several arguments with citations to the record on which she relies, as required by App.R. 16(A)(7).

{¶ 23} Black fails to clearly and concisely designate specific rulings she is challenging, and she fails to present separate arguments with respect to the trial court's purported errors. Based on Black's failure to comply with App.R. 12 and 16, this court may disregard Black's arguments. *See Bradley v. Bradley*, 8th Dist. Cuyahoga No. 109792, 2021-Ohio-2514, ¶ 25; *Cleveland v. Taylor*, 8th Dist. Cuyahoga No. 109371, 2021-Ohio-584, ¶ 87, citing *State v. Wells*, 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶ 55; *Wells Fargo Bank, N.A. v. Collins*, 8th Dist. Cuyahoga No. 109555, 2021-Ohio-508, ¶ 29; *State v. Thompson*, 2021-Ohio-376, 167 N.E.3d 1072, ¶ 91 (8th Dist.); *Wiltz v. Cleveland Clinic*, 8th Dist. Cuyahoga Nos. 109147 and 109483, 2021-Ohio-62, ¶ 18.

{¶ 24} Rather than dismissing Black's appeal based on her failure to comply with App.R. 12 and 16, we will exercise our discretion to address the merits of Black's

arguments. Black appears to challenge the following two rulings: (1) the trial court's May 12, 2020 judgment granting Little Stars' counsel's motion to withdraw from Black's representation, and (2) the trial court's October 6, 2020 judgment granting Little Stars' motion for judgment on the pleadings as to Black's cross-claim.

### B. Withdrawal of Counsel

{¶ 25} In "Law & Argument 1," Black appears to argue that Little Stars' attorneys erred by withdrawing from Black's representation and leaving Black to proceed in the litigation pro se.

{¶ 26} The record reflects that the attorneys that were initially representing Little Stars, Black, and Brown,[3] filed a motion for leave to withdraw as counsel for Black on April 1, 2020. Counsel asserted that withdrawal was necessary because Black, acting pro se, filed a cross-claim against Little Stars, creating a conflict of interest for counsel.

{¶ 27} The trial court granted counsel's motion for leave to withdraw on May 12, 2020, noting that it was unopposed. Because Black did not oppose or object to Little Stars' counsel's motion to withdraw, she waived all but plain error. *See Alcorso v. Correll*, 8th Dist. Cuyahoga No. 110218, 2021-Ohio-3351, ¶ 32, 44.

{¶ 28} Furthermore, the record reflects that on April 2, 2020, the day after Little Stars' counsel moved to withdraw from Black's representation, a notice of appearance was filed on Black's behalf by attorneys Richard Williams and Arnold

---

[3] Jeffrey Kay, Mary Beth Klemencic, and Ryan Bockmuller.

Finkbine. There is no indication in the record that Williams and Finkbine withdrew from Black's representation. Therefore, we question Black's assertion that she was forced to proceed in the lawsuit pro se.

{¶ 29} Nevertheless, the lawsuit initiated by plaintiffs and the cross-claims Black asserted against Little Stars are civil proceedings. It is well established that there is no right to counsel in civil proceedings or civil appeals absent statutory authority that specifically provides for the right to counsel. *See State ex rel. Dixon v. Bowerman*, 156 Ohio St.3d 317, 2019-Ohio-716, 126 N.E.3d 1086, ¶ 6, citing *State ex rel. McQueen v. Cuyahoga Cty. Court of Common Pleas, Probate Div.*, 135 Ohio St.3d 291, 2013-Ohio-65, 986 N.E.2d 925, ¶ 9.

{¶ 30} Accordingly, the trial court did not commit plain error in granting Little Stars' counsel's motion to withdraw. Black's argument pertaining to the trial court's judgment permitting Little Stars' counsel to withdraw from the representation of Black is overruled.

### C. Motion for Judgment on the Pleadings

{¶ 31} Black's "Law & Argument" 2 and 3 appear to challenge the trial court's judgment granting Little Stars' motion for judgment on the pleadings on Black's cross-claim.

### 1. Standard of Review

{¶ 32} A Civ.R. 12(C) motion for judgment on the pleadings raises only questions of law that this court reviews de novo. *Cohen v. Bedford Hts.*, 8th Dist.

Cuyahoga No. 101739, 2015-Ohio-1308, ¶ 7. Courts apply the Civ.R. 12(B)(6) standard in reviewing Civ.R. 12(C) motions:

> The Ohio Supreme Court has held that a Civ.R. 12(C) motion for judgment on the pleadings is to be considered as if it were a belated motion to dismiss for failure to state a claim upon which relief can be granted. *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 592, 1994-Ohio-208, 635 N.E.2d 26 (1994). Therefore, we will analyze the [Civ.R. 12(C) motion] under the same principles which we would apply in reviewing a Civ.R. 12(B)(6) dismissal.

*Black v. Coats*, 8th Dist. Cuyahoga No. 85067, 2005-Ohio-2460, ¶ 6.

{¶ 33} "In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that plaintiff can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in plaintiff's favor." *Black* at ¶ 7, citing *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law, and the trial court is restricted solely to the allegations in the pleadings in ruling on the motion. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973).

{¶ 34} Civ.R. 8(A) governed Black's cross-claim against Little Stars.

> Pursuant to Civ.R. 8(A), a [cross-claim] is only required to contain "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." There is no requirement for a party to plead the legal theory of recovery, and it is sufficient for the pleader to set forth facts which, if proven, establish their claim for relief. *Illinois Controls v. Langham*, 70 Ohio St.3d 512, 526, 639 N.E.2d 771 [(1994)]. "'The rules make clear that a pleader is not bound by any particular theory of a claim but the facts of the claim as developed by the proof

establish the right to relief.'" *Id.*, quoting McCormac, *Ohio Civil Rules Practice 102*, Section 5.01 (2d Ed.1992); *see also NZR Retail of Toledo, Inc. v. Beck Suppliers, Inc.*, 6th Dist. Lucas No. L-15-1179, 2016-Ohio-3205, ¶ 17-18; *Donovan v. Omega World Travel*, 8th Dist. Cuyahoga No. 68251, 1995 Ohio App. LEXIS 4448, 6 (Oct. 5, 1995).

*Tennant v. Huntington Natl. Bank*, 8th Dist. Cuyahoga No. 108993, 2020-Ohio-4063, ¶ 15.

{¶ 35} In ruling on Little Stars' motion for judgment on the pleadings, the trial court was restricted to the allegations in Black's cross-claim and Black was entitled to have all the material allegations in her cross-claim, with all reasonable inferences drawn therefrom, construed in her favor. *Tennant* at ¶ 16, citing *Peterson* at 165-166. Black, as the cross-claim plaintiff, was not required to prove her case at the pleading stage. *Tennant* at *id.* Rather, "as long as there is a set of facts, consistent with [Black's cross-claim], which would allow [Black] to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063 (1991). A well-pled complaint must include, however, factual allegations going to each element of the claim, and conclusory statements without any supporting factual allegations are insufficient. *Hendrickson v. Haven Place, Inc.*, 8th Dist. Cuyahoga No. 100816, 2014-Ohio-3726, ¶ 27.

{¶ 36} Black appeared to assert six cross-claims against Little Stars.

### 2. Count I

{¶ 37} In Count I of her cross-claim, Black alleged that the duties of Little Stars' director, Valda Lennon, included hiring new teachers, and that Lennon hired

Brown, a former parent, to the "toddler one" classroom. Count I of Black's cross-claim failed to state a claim upon which relief could be granted. Accepting the factual allegations in Count I as true, and making all reasonable inferences in favor of Black, Count I cannot be read to have pled any actionable claims against Little Stars, nor does Count I allege a set of facts that, if true, would establish Little Stars' liability. *See Chromik v. Kaiser Permanente*, 8th Dist. Cuyahoga No. 89088, 2007-Ohio-5856, ¶ 8, citing *Walters v. First Natl. Bank of Newark*, 69 Ohio St.2d 677, 433 N.E.2d 608 (1982).

{¶ 38} Accordingly, the trial court properly granted Little Stars' motion for judgment on the pleadings as to Count I.

### 3. Count II

{¶ 39} In Count II of her cross-claim, Black alleged that Little Stars knew about the allegations filed against Brown and the ensuing county and state investigations, but failed to inform other employees about the allegations and investigations. Assuming, arguendo, that Black was attempting to assert a negligence claim against Little Stars, Count II cannot be read to have pled an actionable negligence claim against Little Stars.

{¶ 40} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981); *Salvati v. Anthony-Lee Screen Printing, Inc.*, 2018-Ohio-2935, 117 N.E.3d 950, ¶ 3 (8th Dist.), citing *Mussivand v. David*, 45 Ohio St.3d 314, 318,

544 N.E.2d 265 (1989). Assuming that (1) Little Stars had a duty to inform employees about the allegations levied against Brown and the county and state investigations, and (2) Little Stars breached that duty, Count II failed to include any factual allegations regarding the element of an injury that was proximately caused by Little Stars' breach.

{¶ 41} Accordingly, the trial court properly granted Little Stars' motion for judgment on the pleadings as to Count II.

### 4. Count III

{¶ 42} In Count III of her cross-claim, Black again alleged that Little Stars failed to inform employees about the allegations filed against Brown. Black also alleged that Little Stars failed to (1) conduct a background check before hiring Brown, (2) conduct an internal investigation after learning about the abuse and neglect allegations, and (3) failed to review or preserve video footage from the classrooms.

{¶ 43} To the extent that Black was attempting to assert a negligence claim against Little Stars, Count III cannot be read to have pled an actionable negligence claim. Count III failed to include any factual allegations regarding the element of an injury that was proximately caused by Little Stars' breach.

{¶ 44} To the extent that Black was attempting to assert a claim for negligent hiring against Little Stars, Count III cannot be read to have pled an actionable negligent hiring claim.

"'To prove a claim of negligent hiring and retention, a plaintiff must show (1) [t]he existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.'"

*Evans v. Akron Gen. Med. Ctr.*, 9th Dist. Summit No. 28340, 2018-Ohio-3031, ¶ 26, quoting *Jones v. MTD Consumer Group, Inc.*, 2015-Ohio-1878, 32 N.E.3d 1030, ¶ 44 (9th Dist.), quoting *Zanni v. Stelzer*, 174 Ohio App.3d 84, 2007-Ohio-6215, 880 N.E.2d 967, ¶ 8 (9th Dist.).

{¶ 45} Accepting Black's allegation that Little Stars hired Brown without conducting an investigation as true, Count III failed to include any factual allegations regarding the elements of Brown's incompetence at the time she was hired, Little Stars' knowledge of Brown's incompetence, or injury that was proximately caused by Little Stars' negligence in hiring or retaining Brown. Black alleged that Little Stars learned about the allegations levied against Brown after, not before, she was hired.

{¶ 46} Accordingly, the trial court properly granted Little Stars' motion for judgment on the pleadings as to Count III.

### 5. Count IV

{¶ 47} In Count IV of her cross-claim, Black again asserted that Little Stars failed to provide adequate information to Black about the Brown allegations and investigations before Black spoke with investigators. Black also alleged that she had an agreement with Little Stars' owner that was broken.

{¶ 48} As noted above, to the extent that Black was attempting to assert a negligence claim based on Little Stars' failure to disclose information to Black, Count IV cannot be read to have pled an actionable negligence claim. Count IV failed to include any factual allegations regarding the element of an injury that was proximately caused by Little Stars' purported breach.

{¶ 49} Black alleged in Count IV that "[Black] and [Little Stars' owner] had an agreement. This agreement was not a legal one, but once broken [Black] was compelled to combine classes with [Brown]." To the extent that Black was attempting to assert a claim for breach of contract against Little Stars, Count IV cannot be read to have pled an actionable breach-of-contract claim.

{¶ 50} In order to recover on a claim for breach of contract, Black was required to demonstrate (1) the existence of a contract; (2) that Black, as the nonbreaching party, performed on the contract; (3) that Little Stars, the purportedly breaching party, failed to perform its contractual obligations without legal excuse; and (4) Black, the nonbreaching party, suffered damages flowing from the breach. *Holliday v. Calanni Ents.*, 2021-Ohio-2266, 175 N.E.3d 663, ¶ 20 (8th Dist.), citing *Doner v. Snapp*, 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (2d Dist.1994).

{¶ 51} Black concedes in her cross-claim that her agreement with Little Stars' owner was not a legal contract or agreement. Nevertheless, assuming, arguendo, that the "agreement" between Black and Little Stars' owner was a contract, and accepting Black's allegations in Count IV as true, Count IV cannot be read to have pled an actionable breach-of-contract claim. Aside from her conclusory statement

that the agreement was broken, Count IV failed to include any factual allegations regarding the elements of performance by Black or damages that were proximately caused by the purported breach. Finally, Black failed to provide any additional details regarding the "agreement" between her and Little Stars' owner.

{¶ 52} Accordingly, the trial court properly granted Little Stars' motion for judgment on the pleadings as to Count IV.

### 6. Count V

{¶ 53} In Count V of her cross-claim, Black alleged that she was mistreated, neglected, ridiculed on a daily basis, belittled, and taunted by Little Stars and other employees. She alleged that the actions of Little Stars and the other employees created "an emotional, hostile work environment."

{¶ 54} To the extent that Black was attempting to assert a hostile-work-environment claim under Ohio law (R.C. 4112.02) or Title VII of the Civil Rights Act against Little Stars, Count V cannot be read to have pled an actionable hostile-work-environment claim.

{¶ 55} Claims asserted pursuant to Title VII and R.C. 4112.02 are subject to the same standards. *Roberts v. Mike's Trucking, Ltd.*, 2014-Ohio-766, 9 N.E.3d 483, ¶ 58 (12th Dist.). "'Ohio courts apply federal case law interpreting Title VII of the Civil Rights Act of 1964 to claims arising under R.C. Chapter 4112 to the extent that the terms of the statutes are consistent.'" *Colston v. Cleveland Pub. Library*, 522 Fed.Appx. 332, 336 (6th Cir.2013), quoting *Birch v. Cuyahoga Cty. Probate Court*, 173 Ohio App.3d 696, 2007-Ohio-6189, 880 N.E.2d 132, ¶ 20 (8th Dist.).

A hostile work environment exists whenever "the workplace is permeated with *discriminatory intimidation*, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 [(1993)]. Conduct that is "merely offensive" but "not severe or pervasive enough to create an objectively hostile or abusive work environment" does not violate Title VII. *Id.*

(Emphasis added.) *Fry v. Wheatland Tube, L.L.C.*, 2019-Ohio-1453, 135 N.E.3d 420, ¶ 53 (5th Dist.).

To establish a claim under R.C. Chapter 4111 for hostile work environment, a plaintiff must establish: (1) the employee was a member of a protected class; (2) the employee was subjected to unwelcome harassment; (3) the harassment was based on the employee's status as a member of a protected class; (4) the harassment had the purpose or effect of unreasonably interfering with the employee's work performance or creating an intimidating, hostile, or offensive work environment; and (5) the existence of respondeat superior liability. *Simmons-Means v. Cuyahoga Cty. Dept. of Justice Affairs*, 8th Dist. No. 87303, 2006-Ohio-4123, ¶ 22. A hostile work environment exists "[w]hen the workplace is permeated with '*discriminatory* intimidation, ridicule, and insult,' * * * that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993), quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). For there to be an actionable claim, a hostile work environment "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. Boca Raton*, 524 U.S. 775, 787, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), citing *Harris* at 21-22. Furthermore, "no matter how severe or pervasive the conduct, harassment does not constitute a discriminatory practice under R.C. 4112.02(A) unless based on a prohibited classification." *Hampel v. Food Ingredients Specialties, Inc.*, 89 Ohio St.3d 169, 184-185, 2000-Ohio-128, 729 N.E.2d 726.

(Emphasis added.) *Nemcek v. N.E. Ohio Regional Sewer Dist.*, 8th Dist. Cuyahoga No. 98431, 2012-Ohio-5516, ¶ 14.

{¶ 56} In the instant matter, Black failed to allege in Count V that she was a member of a protected class or that the harassment she faced from Little Stars and its employees was based on her status as a member of a protected class. *See Francis v. N.E. Ohio Neighborhood Health Servs.*, 8th Dist. Cuyahoga No. 110322, 2021-Ohio-3928, ¶ 21. Accordingly, Count V cannot be read to have pled an actionable hostile-work-environment claim.

{¶ 57} The trial court properly granted Little Stars' motion or judgment on the pleadings as to Count V.

### 7. Count VI

{¶ 58} In Count VI of her cross-claim, Black alleged that she was terminated on October 22, 2019. Black asserted that county investigators found Black to be negligent, and Little Stars was instructed by state officials to terminate Black's employment. Black alleged that Little Stars treated her like a "predator." Finally, Black alleged that Little Stars' director "demanded [Black] have a 'love[d] one' drop [her] children off," the director stated that Black "could not be in the facility nor around children," and that the director subsequently removed Black's children from Little Stars' roster.

{¶ 59} To the extent that Black was attempting to assert a wrongful termination claim against Little Stars, Count VI cannot be read to have pled an actionable wrongful termination claim.

> "Traditionally, an employer could terminate the employment of any at-will employee for any cause, at any time whatsoever, even if the termination was done in gross or reckless disregard of the employee's

rights." *Moore v. Impact Community Action*, 10th Dist. [Franklin] No. 12AP-1030, 2013-Ohio-3215, ¶ 7, citing *Collins v. Rizkana*, 73 Ohio St.3d 65, 67, 652 N.E.2d 653 (1995). However, Ohio law recognizes a public policy exception to the protections otherwise afforded to an employer under the employment-at-will doctrine. An at-will employee may state a claim for wrongful discharge in violation of public policy by alleging facts demonstrating that the employer's act of discharging him contravened a "clear public policy" based on statutes, or other sources such as the Ohio and United States Constitutions, administrative rules and regulations, and the common law. *Painter v. Graley*, 70 Ohio St.3d 377, 639 N.E.2d 51 (1994), paragraphs two and three of the syllabus.

*Hinkle v. L Brands, Inc. World Headquarters*, 10th Dist. Franklin No. 21AP-80, 2021-Ohio-4187, ¶ 24.

{¶ 60} In order to assert an actionable claim for wrongful discharge in violation of public policy, Black must establish the following elements:

(1) that there exists a clear public policy that is manifested in a state or federal constitution, statute, or administrative regulation, or in the common law (the "clarity" element), (2) that dismissal of employees under circumstances like those involved in the plaintiff's dismissal would jeopardize that public policy (the "jeopardy" element), (3) that the plaintiff's dismissal was motivated by conduct related to the public policy (the "causation" element), and (4) that the employer lacked overriding legitimate business justification for the dismissal (the "overriding justification" element).

*Blackburn v. Am. Dental Ctrs.*, 2014-Ohio-5329, 22 N.E.3d 1149, ¶ 14 (10th Dist.), citing *Collins* at 69-70. The first two elements are questions of law to be determined by the court, and the third and fourth elements are questions for the trier of fact. *Blackburn* at *id.*, citing *Collins* at 70.

{¶ 61} Here, Black merely alleged in Count VI that she was terminated. She did not even allege that the termination was improper or wrongful. Nor did Black identify any public policy that applies in this case. We are unable to reasonably infer

a public policy that applies based on the allegations in Count VI. Count VI did not contain any factual allegations that Black's dismissal jeopardized any public policy.

{¶ 62} Black alleged in Count VI that she was terminated based on (1) the determination made by county investigators that Black was negligent, and (2) state officials' recommendation to Little Stars that Black's employment be terminated. Accepting these allegations as true, as we must, we find that Black failed to sufficiently allege a claim for wrongful termination in Count VI.

{¶ 63} We cannot find that the remaining allegations in Count VI can be read to have pled any actionable claims against Little Stars, or that Count VI alleges a set of facts that, if true, would establish Little Stars' liability. *See Chromik*, 8th Dist. Cuyahoga No. 89088, 2007-Ohio-5856, at ¶ 8, citing *Walters*, 69 Ohio St.2d 677, 433 N.E.2d 608. Accordingly, the trial court properly granted Little Stars' motion for judgment on the pleadings as to Count VI.

### 8. Additional Claims

{¶ 64} In her brief in opposition to Little Stars' motion for judgment on the pleadings, Black appeared to request an opportunity to assert additional claims against Little Stars for "[v]iolation of civil rights, [d]efamation — harassment claim, [e]motional [d]istress and [p]unitive [d]amages."

{¶ 65} Other than her hostile-work-environment claim in Count V, Black's cross-claim cannot be read to have pled any additional claims that Little Stars violated her civil rights. Nor can Black's cross-claim be read to have pled claims against Little Stars for defamation, infliction of emotional distress (either

intentional or negligent), or punitive damages. As noted above, in ruling on Little Stars' motion for judgment on the pleadings, the trial court was restricted to the allegations in Black's cross-claim. Accordingly, the additional claims that Black referenced in her brief in opposition were not sufficient to withstand Little Stars' motion for judgment on the pleadings.

{¶ 66} In her appellate brief, Black appears to argue that the trial court erred in granting Little Stars' motion for judgment on the pleadings because Black sufficiently alleged a claim for premises liability negligence. Black appears to argue that she was an invitee of Little Stars and that Little Stars breached its duty to inform Black about the hazardous situation involving the allegations filed against Brown and the county and state investigations into the allegations. Black did not assert a premises liability negligence claim against Little Stars in her cross-claim.

> It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal. *Crenshaw v. Cleveland Law Dept.*, 8th Dist. Cuyahoga No. 108519, 2020-Ohio-921, ¶ 42[,] fn.6, citing *Shadd v. Cleveland Civ. Serv. Comm.*, 8th Dist. Cuyahoga No. 107603, 2019-Ohio-1996, ¶ 27 ("Appellants cannot raise an issue for the first time on appeal that they did not raise to the trial court."); *Scott Fetzer Co. v. Miley*, 8th Dist. Cuyahoga No. 108090, 2019-Ohio-4578, ¶ 41 ("A party cannot raise new issues or arguments for the first time on appeal; failure to raise an issue before the trial court results in a waiver of that issue for appellate purposes."); *Lycan v. Cleveland*, 8th Dist. Cuyahoga Nos. 107700 and 107737, 2019-Ohio-3510, ¶ 32-33, 142 N.E.3d 210 ("It is well-established that arguments raised for the first time on appeal are generally barred and a reviewing court will not consider issues that the appellant failed to raise in the trial court."), citing *Cawley JV, L.L.C. v. Wall St. Recycling L.L.C.*, 2015-Ohio-1846, 35 N.E.3d 30, ¶ 17 (8th Dist.).

*Spy v. Arbor Park Phase One Assoc.*, 8th Dist. Cuyahoga No. 108819, 2020-Ohio-2944, ¶ 16

{¶ 67} Because Black's cross-claim cannot be read to have pled an actionable premises liability negligence claim, Black cannot raise a premises liability theory for the first time on appeal in an attempt to defeat Little Stars' motion for judgment on the pleadings.

{¶ 68} For the same reason, Black cannot raise her assertions, for the first time in her appellate brief, that (1) Little Stars' owner Asma Mujib and manager Valda Lennon violated R.C. 2307.60 and committed the offense of failure to report a crime (in violation of R.C. 2921.22), and (2) Little Stars is liable for defamation in relation to Black's employment file. Black did not assert a defamation claim against Little Stars in her cross-claim, nor allege that Mujib or Lennon violated R.C. 2307.60 or 2921.22.

{¶ 69} For all of the foregoing reasons, we cannot conclude that the trial court erred in granting Little Stars' motion for judgment on the pleadings based on the additional claims referenced by Black in her appellate brief and brief in opposition to Little Stars' motion for judgment on the pleadings

### III. Conclusion

{¶ 70} After thoroughly reviewing the record, we affirm the trial court's judgment. The trial court did not commit plain error in granting Little Stars' counsel's motion to withdraw from Black's representation, and Black did not have a

right to counsel in the civil proceedings below.  The trial court did not err in granting Little Stars' motion for judgment on the pleadings as to Black's cross-claims.

{¶ 71} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

 

_____

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR

KEYWORDS
#110602 – Stevens v. Little Stars Early Learning Ctr.

Motion for judgment on the pleadings; Civ.R. 12; question of law; de novo; cross-claim; pro se litigant; App.R. 12; App.R. 16; motion to withdraw as counsel; plain error; right to counsel; negligence; injury; proximate cause; negligent hiring; breach of contract; hostile work environment; wrongful termination.

The trial court did not commit plain error in granting the motion to withdraw from appellant's representation filed by the attorneys for the childcare center. Appellant did not have a right to counsel in the civil proceedings in the trial court. The assertions and allegations in appellant's cross-claims cannot be read to have pled any actionable claims against the childcare center, or the childcare center's owner, manager, or employees. Accordingly, the trial court properly granted the childcare center's motion for judgment on the pleadings.